486 A.2d 445

COMMONWEALTH of Pennsylvania

v.

Robert A. SMITH, Appellant.

Superior Court of Pennsylvania.

Submitted Aug. 15, 1984.

Filed Dec. 14, 1984.

Robert A. Smith, in propria persona.

Daniel J. McDevitt, Assistant District Attorney, Lebanon, for Commonwealth, appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Appellant, Robert A. Smith, appeals *pro se* from the order of the Court of Common Pleas of Lebanon County dismissing his petition for writ of habeas corpus.

Appellant was charged with robbery and criminal conspiracy in April of 1979. He pleaded guilty on June 27, 1979 as part as a plea bargain. He was subsequently sentenced to concurrent sentences of one (1) to three (3) years imprisonment at Lebanon County Prison, and to pay costs, $500.00 in fines, and restitution of $371.00 to Giant Foods, the site of the robbery. At some point, which is unclear from the record, appellant was recommitted to the Lebanon County Prison by the State Parole Board for various infractions of his parole, with a new maximum to January 13, 1984.

On February 22, 1983, appellant filed a *pro se* petition for a writ of habeas corpus against Robert Raiger, the Warden

of the Lebanon County Prison.[1] Basically, appellant alleged a violation of the due process clause of the fourteenth amendment, in that he lacked access to an adequate law library. Following a hearing on February 25, 1983, at which an attorney from the Public Defender's Office was present, appellant's petition was refused. On March 4, 1983, appellant filed another *pro se* petition for a writ of habeas corpus, this time concerning his pre-release status. This petition was likewise refused three days later. On March 25, 1983, appellant filed this timely appeal from the February 25, 1983 order.

Appellant asks us to determine whether he is entitled to relief due to the lack of an adequate law library.[2] However, presently before us is the Commonwealth's motion to dismiss the appeal. The Commonwealth contends that this appeal has been rendered moot by the fact that appellant is no longer a prisoner at the Lebanon County Prison and thus no longer suffers from the alleged lack of an adequate law library.[3]

The general rule is that an actual case or controversy must exist at all stages of appellate review. *DeFunis v. Odegaard,* 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974); *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d

1. For some unexplained reason, the petition for writ of habeas corpus was mistakenly docketed under appellant's criminal action number in the original robbery-conspiracy case, and was thus referred to the District Attorney's Office of Lebanon County.

2. Actually, appellant raises two issues, the remaining one being whether he was entitled to judgment against the Warden as a matter of law. However, other than its bare listing under "Statement of Question Involved," this issue is never again mentioned or addressed in the rest of the brief; therefore we do not address it either. In any case, it appears to be simply a rephrasing of the other issue, which, due to the result of this case, we do not address on its merits.

3. The Commonwealth advises us that on September 22, 1983, six months after his appeal was filed, appellant was furloughed from the Lebanon County Prison for an indefinite period of time. That indefinite furlough expired on January 13, 1984, when appellant had "maxed out." This is substantiated by a copy of a court order attached to the motion to dismiss, directing the furlough and termination. The Commonwealth's last information is that appellant had moved back to his mother's home in Dauphin County.

147 (1973); *Janet D. v. Carros*, 240 Pa.Super. 291, 362 A.2d 1060 (1976). Because the existence of an actual controversy is essential to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed. *Commonwealth ex rel. Watson v. Montone*, 227 Pa.Super. 541, 323 A.2d 763 (1974).

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten under way—changes in the facts or in the law—which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *G. Gunther, Constitutional Law* 1578 (9th ed. 1975).

*In re Gross*, 476 Pa. 203, 209, 382 A.2d 116, 119 (1978). It is well established that the appellate courts of this Commonwealth will not decide moot or abstract questions. *Id.; Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co.*, 407 Pa. 230, 180 A.2d 1 (1962); *Wortex Mills, Inc. v. Textile Workers Union*, 369 Pa. 359, 85 A.2d 851 (1952); *Graziano Construction Co., Inc. v. Lee*, 298 Pa.Super. 311, 444 A.2d 1190 (1982). As explained in the above quotation, a legal issue can become moot on appeal as a result of an intervening change in the facts of the case, or an intervening change in the applicable law. *See generally In re Gross, supra*, 476 Pa. at 209–210, 382 A.2d at 119–120.

■ There are, however, exceptions to this mootness doctrine. One such exception is when the question presented is one of great public importance. *In re Gross, supra; Meyer v. Strouse*, 422 Pa. 136, 221 A.2d 191 (1966); *Ridley Park Shopping Center, Inc. v. Sun Ray Drug Co., supra; Wortex Mills, Inc. v. Textile Workers Union, supra; Graziano Construction Co., Inc. v. Lee, supra; Janet D. v. Carros, supra; Commonwealth ex rel. Watson v. Montone, supra.* As a reading of the case law cited above indicates, however,

our appellate courts have infrequently invoked the "great public importance" exception. Another exception is when the question presented is one capable of repetition yet escaping judicial review. *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Roe v. Wade, supra; In re Gross, supra; Wiest v. Mt. Lebanon School District,* 457 Pa. 166, 320 A.2d 362, *cert. denied,* 419 U.S. 967, 95 S.Ct. 231, 42 L.Ed.2d 183 (1974); *Devlin v. Osser,* 434 Pa. 408, 254 A.2d 303 (1969); *Graziano Construction Co., Inc. v. Lee, supra; Janet D. v. Carros, supra.* Another exception occurs when one of the parties to the controversy will continue to suffer some detriment from the lower court's decision. In that case, the appeal will usually be heard, despite its mootness. *Janet D. v. Carros, supra.*

The question presented in this appeal is clearly moot. By its very nature, a petition for a writ of habeas corpus is appropriate only where the relator is in custody.[4] Where a relator has been released on bail and is no longer in the custody of the superintendent of the county prison, a habeas corpus proceeding against the superintendent is moot, and an appeal from the refusal of the writ will be dismissed. *Commonwealth ex rel. Maisels v. Baldi,* 172 Pa.Super. 19, 92 A.2d 257 (1952). *Accord, Commonwealth ex rel. Paulinski v. Isaac,* 483 Pa. 467, 397 A.2d 760, *cert. denied,* 442 U.S. 918, 99 S.Ct. 2841, 61 L.Ed.2d 286 (1979); *Commonwealth ex rel. Yambo v. Jennings,* 220 Pa.Super. 186, 286 A.2d 909 (1971). Appellant's appeal is rendered moot by the intervening change in the facts of his case, i.e., his release from the custody and control of the Lebanon County Prison in January of 1984. Thus, appellant no longer suffers from any alleged unconstitutional inadequa-

4. However, the relator need not be incarcerated to be in custody. *See Commonwealth ex rel. Ensor v. Cummings,* 420 Pa. 23, 215 A.2d 651 (1966) (parole); *Commonwealth ex rel. Stevens v. Myers,* 419 Pa. 1, 213 A.2d 613 (1965) (sentenced imposed but not yet served); *Commonwealth ex rel. Paulinski v. Isaac, infra* (bail). The consensus of these cases is that, to be in custody, the relator must be subject to conditions and restrictions which restrain his freedom and which are not shared by the general public.

cy of the Lebanon County Prison law library. Appellant no longer has any stake in the outcome of this case.

Furthermore, no exception to the mootness doctrine applies herein. Neither party to the controversy (appellant and Warden Raiger) continues to suffer any detriment from the lower court's decision. While the question of the adequacy of law libraries available to indigent county prisoners is certainly important, we do not feel that it is a question of great public importance as required in cases such as *Janet D. v. Carros, supra.* Additionally, our courts are even more reluctant to decide moot questions which raise constitutional issues. *In re Gross, supra.* "Constitutional questions are not to be dealt with abstractly." *Wortex Mills, Inc. v. Textile Workers Union, supra* 369 Pa. at 370, 85 A.2d at 857.

Finally, while at first glance, the instant case appears to fall within the exception of cases capable of repetition yet evading judicial review, upon closer examination we find it does not. Appellant was originally sentenced in 1979 to concurrent terms of one to three years in the Lebanon County Prison. He did not raise this issue until 1983, near the end of his term (which had been extended somewhat due to parole violations). Due to the present realities and caseload of the appellate courts, he was released from custody before his case came up on appeal. While appellant does not argue that he might again some day be a prisoner in Lebanon County or that other Lebanon County prisoners wishing to use the law library face the same time problems he did, we have carefully considered the possibility that this same situation may reoccur in the future. However, we do not find that this is an issue that necessarily evades review. The Sentencing Code provides that a convicted person sentenced to a maximum term of two years or more, but less than five years, may be committed to a county prison. 42 Pa.C.S. § 9762(2). Therefore, there are situations in which enough time would be available for a county prisoner to petition for a writ and then appeal a denial of that writ.

Thus, we conclude that the instant appeal does not present a question that necessarily evades review.

Since appellant seeks relief through a habeas corpus proceeding on the basis of an inadequate law library for a prisoner of the Lebanon County Prison, and since appellant no longer suffers from this alleged unconstitutional condition, we find that the matter before this court is moot, and we dismiss the appeal under Pa.R.A.P. 1972(4).

Appeal dismissed.