J-S63043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

IN THE INTEREST OF: J. R., A MINOR

APPEAL OF:  COMMONWEALTH OF PENNSYLVANIA

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 2294 EDA 2015

Appeal from the Order July 10, 2015
in the Court of Common Pleas of Philadelphia County Juvenile Division
at No(s): CP-51-JV-0080168-2007

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:               **FILED NOVEMBER 16, 2016**

The Commonwealth, appeals from the order in the Court of Common Pleas of Philadelphia County granting the petition of Appellee, J.R., for writ of *habeas corpus* and releasing him from custody.  We dismiss the appeal as moot.

J.R. was born in May 1995.  On April 7, 2008, he was adjudicated delinquent by the trial court after he admitted to indecent assault graded as a misdemeanor,[1] and he was committed to Abraxes Academy, a secure juvenile detention facility.  Pursuant to statute, J.R. was to serve the lesser of four years or the total he could have been sentenced by the court had he been convicted as an adult.  42 Pa.C.S. § 6353(a).  As an adult, the maximum term J.R. could have received for indecent assault was five years'

---

[*] Former Justice specially assigned to the Superior Court.

[1] J.R. admitted to sexually assaulting his nine-year-old sister when he was twelve years of age.

imprisonment under 18 Pa.C.S. § 1104.  The Juvenile Code allows for a juvenile's initial commitment to be extended or modified to "effectuate the original purpose for which the order was entered."  42 Pa.C.S. § 6353(a).

J.R. remained in custody for over seven years.  During that time, multiple review hearings were held by the trial court and J.R. was moved to several different juvenile facilities that were determined to better meet his rehabilitative needs.  On May 13, 2015, the Philadelphia Public Defenders' Office filed the instant *habeas corpus* petition on J.R.'s behalf.  After conducting a hearing on June 11, 2015, the trial court issued an order granting J.R.'s *habeas corpus* petition and released him from custody on June 16, 2015.  The Commonwealth filed a motion for reconsideration, and the trial court vacated the June 16, 2015 order pending a hearing regarding the Commonwealth's reconsideration motion.  After a hearing, the court denied the Commonwealth's motion and again granted J.R.'s *habeas corpus* motion on July 10, 2015.

The Commonwealth filed the instant timely appeal and a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  The trial court filed a responsive opinion.

The Commonwealth raises a single issue on appeal:

> Whether the lower court erred in granting [J.R.'s] petition for habeas corpus claiming he was being held in violation of 42 Pa. C.S. § 6353 on the grounds that (1) there allegedly was no hearing prior to expiration of the four years of commitment, and (2) the Commonwealth had not filed an application to extend, where: beginning March 12,

2008, hearings were held concerning [J.R.'s] commitment, in which [J.R.] was present with notice and represented by counsel, and it was decided by the court that his commitment would continue; and the statute does not require the Commonwealth to file an application?

Commonwealth's Brief at 3.

The Commonwealth argues that the trial court erred by granting J.R.'s petition for *habeas corpus* because the review hearings held by the trial court in this case were sufficient to extend J.R.'s initial sentence as required by 42 Pa.C.S. § 6353. J.R. disagrees by averring that the trial court aptly found that the Commonwealth failed to present sufficient evidence that his sentence had been properly modified under 42 Pa.C.S. § 6353 during the review hearings. Further, J.R. asserts that the instant appeal is moot because he is now twenty-one years of age, as of May 2016, and therefore he is no longer subject to court supervision as a juvenile. We agree with J.R. and dismiss this appeal as moot.

Pennsylvania Code divests the juvenile court of jurisdiction after an individual turns twenty-one years of age:

### § 630. Loss of Court Jurisdiction

When the juvenile has attained the age of twenty-one, the court shall enter an order terminating court supervision of the juvenile.

237 Pa. Code § 630.

It is well settled that:

Generally, an actual claim or controversy must be present at all stages of the judicial process for the case to be

- 3 -

actionable or reviewable. . . . If events occur to eliminate the claim or controversy at any stage in the process, the case becomes moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

**Deutsche Bank Nat. Co. v. Butler**, 868 A.2d 574, 577 (Pa. Super. 2005) (citations and quotation marks omitted).

This court has emphasized that "[i]t is impermissible for courts to render purely advisory opinions. In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by this Court." **Rivera v. Pa. Dep't. of Corr.**, 837 A.2d 525, 527-28 (Pa. Super. 2003) (citation and quotation marks omitted). Accordingly, if an event occurs which causes an appellate court to be unable to grant any relief, the appeal will generally be dismissed. **See Commonwealth v. Smith**, 486 A.2d 445, 447 (Pa. Super. 1984). However, "[e]xceptions to this principle are made where the conduct complained of is capable of repetition yet likely to evade review, where the case involves issues important to the public interest or where a party will suffer some detriment without the court's decision." **Pub. Defender's Office of Venango Cnty. v. Venango Cnty. Ct. of Common Pleas**, 893 A.2d 1275, 1279-80 (Pa. 2006) (citation omitted).

In this case, the Commonwealth's appeal was rendered moot when J.R. turned twenty-one years of age and is therefore no longer subject to

court jurisdiction as a juvenile.  **See** 237 Pa. Code § 630.  Thus, any opinion issued by this Court would be rendered purely advisory and therefore we decline to address the factually specific issue presented by the Commonwealth in the instant case.  **See Rivera**, 837 A.2d at 527-28.  Further, we conclude that no exception to the mootness doctrine applies because the Commonwealth could likely appeal a purported improper modification of a juvenile sentence prior to the issue becoming moot.  **See Pub. Defender's Office of Venango Cnty.**, 837 A.2d at 1279-80.  Accordingly, we find the matter before this Court moot and we dismiss the appeal.

Appeal dismissed as moot.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/16/2016