J-A31030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MICHAEL J. HANRAHAN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JEANNE L. BAKKER | |
| Appellant | No. 582 EDA 2016 |

Appeal from the Order Entered January 25, 2016
In the Court of Common Pleas of Delaware County
Domestic Relations at No(s): 2008-16689

BEFORE:  BENDER, P.J.E., MOULTON, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY MOULTON, J.:                **FILED MARCH 22, 2017**

Jeanne L. Bakker ("Mother") appeals from the January 25, 2016 order entered in the Delaware County Court of Common Pleas dismissing her petition for contempt filed against Michael J. Hanrahan ("Father") for failure to pay child support.  We dismiss the appeal.

On June 1, 2015, the trial court entered an amended order pertaining to Father's child support obligations.  Both Mother and Father separately appealed from the amended order to this Court.  During the pendency of the appeals, on December 4, 2015, Father filed a motion for special relief seeking enforcement of agreement and orders, including the June 1, 2015 order.  On December 14, 2015, the trial court dismissed Father's motion for

_____

[*] Former Justice specially assigned to the Superior Court.

lack of jurisdiction due to the pending appeals. On January 21, 2016, Mother filed a petition for contempt for Father's failure to pay past child support for the period of May 1, 2013 to April 30, 2014 in accordance with the June 1, 2015 order. On January 25, 2016, the trial court dismissed Mother's petition, again for lack of jurisdiction. On February 17, 2016, Mother timely appealed from the trial court's dismissal of her contempt petition.

During the pendency of the instant appeal, a different panel of this Court resolved Father's and Mother's prior appeals from the June 1, 2015 order, which had been consolidated. In *Hanrahan v. Bakker*, --- A.3d ----, 2016 PA Super 255 (filed November 18, 2016), this Court reversed the portions of the trial court's June 1, 2015 order underlying Bakker's contempt petition; specifically, the panel concluded that the trial court erred when it determined that Father was entitled to a downward deviation in Support Year 2013 because of a $2,500,000 voluntary contribution to a trust for the children.

We have previously held that "[b]ecause the existence of an actual controversy is essential to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed." *Commonwealth v. Smith*, 486 A.2d 445, 447 (Pa.Super. 1984). Our prior decision in *Hanrahan* reversed the order that Mother sought to have the trial court enforce. Therefore, it is

impossible for this Court to grant any relief. Accordingly, we dismiss the instant appeal as moot.

Appeal dismissed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/22/2017