J-S83045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: D.S., A MINON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: CRAWFORD COUNTY CHILDREN AND YOUTH SERVICES | : | No. 1214 WDA 2018 |

Appeal from the Order Entered July 24, 2018
in the Court of Common Pleas of Crawford County
Orphans' Court at No(s):  DP - 39-2017

BEFORE:  PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 28, 2019**

Crawford County Children and Youth Services ("CYS") appeals from the Order granting the Petition to Intervene filed by L.P., the maternal grandmother ("Grandmother") of the subject minor female child, D.S. ("Child"), in the dependency action involving Child.[1]  We affirm.

---

[1] We note that, on June 6, 2017, the Orphans' Court appointed Mary E. Adelman, Esquire, as Child's guardian *ad litem* ("GAL").  While the Orphans' Court did not appoint an attorney to serve as a legal counsel for Child, we find that Child would have been too young to express a legal preference, as Child was only thirteen months old at the time of the Order on appeal.  *Cf. In re: J'K.M., a Minor*, 191 A.3d 907 (Pa. Super. 2018) (holding that our Supreme Court's opinion in *In re L.B.M.*, 161 A.3d 172 (Pa. 2017) (plurality), applies to require the appointment of a separate legal counsel from the child's GAL/best interest counsel in dependency proceedings where there is a conflict between the two interests); *In re T.S.*, 192 A.3d 1080 (Pa. 2018) (holding that the appointment of a separate legal counsel from best interests counsel/GAL is not required where the Child is too young to express a preferred outcome).

The Orphans' Court set forth the factual background and procedural history of this appeal as follows:

[Child] was born at Saint Vincent Hospital in Erie, Pennsylvania[, in June of 2017], during a time while her mother, [C.D.W.] ("Mother"), was incarcerated in the State Correctional Institution [SCI] at Cambridge Springs.[FN1] [Child's] father, [J.H.], was reportedly deceased. [In June 2017,] this Court granted an Emergency Order giving CYS continuing legal and physical custody, and ordering [Child] to be placed temporarily in kinship foster care. [Child] was instead placed with [R.D. ("Foster Mother")] (Bair Foundation Foster Home), as Mother reportedly could not identify other possible family members.[FN2] That arrangement was confirmed by Shelter Care Order of June 7, 2017….

[FN1] Mother is serving an aggregated state sentence of incarceration for theft and other crimes of twenty-seven to 132 months imposed by the undersigned on December 18, 2008. … She apparently continues to be treated for mental health issues.

[FN2] Mother testified at the hearing on Grandmother's [M]otion to [I]ntervene in the dependency action that she was told by the CYS caseworker that she would never see [Child] again if she identified Grandmother as a suitable family member for placement. Amended Transcript of Proceedings at Time of Motion to Intervene Hearing (Tr.) 28:11-25 & 29:1-7. Mother thereafter [] requested, and on May 28, 2018, signed[,] consents for [Child's] placement with Grandmother. *E.g.*, Tr, at 25:2-4; consents filed in Grandmother's custody action, discussed below.

CYS filed its dependency [P]etition on June 8, 2017, and [Child] was adjudicated dependent on July 11, 2017, pursuant to the Master's recommendation.

CYS was ordered to complete a kinship study on Grandmother, with reunification and adoption set as concurrent goals. Order, 7/11/17…. The home study still had not been completed by the time of the permanency review hearing[,] held on October 26, 2017, and so a thirty[-]day review hearing was

- 2 -

ordered. Grandmother was[,] meanwhile[,] granted visitation, but the goal was listed as reunification. Order, 10/30/18…. An early permanency review hearing was held on CYS's [M]otion on December 20, 2017, after Grandmother was approved as a kinship placement option. Physical custody was ordered to be transitioned, by March 18, 2018, to Grandmother from [Foster Mother]. Order, 1/2/18.

Transitioning had progressed to five days a week when, on February 27, 2018, CYS removed [Child] from Grandmother's home due [*sic*] a child protective services (CPS) report. Tr. at 37:17-24 & Pet. Exh. 1, p. 4 [unpaginated]. On March 5, 2018, CYS moved for an early permanency review hearing to have transitioning put on hold pending the CYS investigation. The hearing was rescheduled from March 12, 2018, to April 2, 2018, and continued to April 25, 2018, for CYS to present information relative to the investigation. Although the CPS report was unfounded,[FN3] CYS opposed placement with Grandmother (as Mother was requesting) on the ground that Grandmother was reportedly Mother's discharge resource.[FN4] Physical custody remained with [Foster Mother], with Grandmother allowed one four-hour visit per week, and with concurrent permanency goals "remain[ing]" as "return home" and adoption. Order, 5/2/18….

[FN3] That report was of sexual abuse between two siblings who are Mother's children previously adopted by Grandmother. A general protective services investigation was also conducted, which the Master's Recommendation indicates had been concluded, on a report that Grandmother was not providing appropriate mental health treatment for her adopted son.

[FN4] Mother was to be paroled on June 12, 2018, and[,] at the time of the intervention hearing[,] was residing at a half-way house in Pittsburgh. Tr. at 42:8-9, 20-23; 52:7-11. She has now been returned to SCI Cambridge Springs. Pa. Dept. of Corrections Inmate Locator. Grandmother's Criminal Record/Abuse History Verification filed in her custody action, discussed below, states at ¶ 5 that "[Mother] is NOT a member of my household, nor [are] there any plans for her to join it."

Grandmother's [P]etition [to Intervene] was filed on June 4, 2018, and granted after a hearing held on July 20, 2018. Order,

- 3 -

7/24/18. A permanency review hearing was commenced on August 3, 2018, but [w]as … continued to September 15, 2018. Orders, 8/6/18, 8/30/18. Notice of the instant fast track appeal was timely filed on August 22, 2018.

Grandmother testified in support of her [P]etition that she had begun contacting CYS in March 2017, but only learned of [Child's] birth about a week afterwards from someone at the prison.[FN5] Tr. at 12:23-24, 13:20-22, 14:20-21. She was present at the adjudication hearing, and[,] on July 30, 2017, filed a *pro se* custody [P]etition, on which no action was taken due to the pendency of the juvenile proceedings.[FN6] [] Custody Order, 6/30/17. She also appeared at subsequent dependency hearings, but was not permitted to participate. On June 4, 2018, after transitioning had been terminated, she filed a counseled custody Petition, which was denied for failure to comply with the procedural rules. [] Custody Order, 6/8/18.[FN7] Her timely [M]otion for reconsideration was also denied, with the explanation that "dependency proceedings take precedence." Custody Order, 6/21/18. On July 20, 2018, she filed another [C]omplaint for custody, asking that she be awarded custody or, in the alternative, consolidation of the custody and dependency actions.[FN8] Custody proceedings were stayed so that the dependency action could proceed.[FN9] Custody Order, 7/24/18. In conformity with **C.L.P.**, and with the custody action being ancillary to the appeal, the stay was lifted on August 27, 2018, and a hearing on the merits ha[d] been scheduled for September 11, 2018. Custody Orders, 8/27/18, 8/30/18; **see also** [Juvenile] Memorandum, 8/27/18.

[FN5] Grandmother also testified that, as a victim of one of Mother's theft crimes for which her parole had been revoked, she was not permitted to see Mother. Tr. at 14:7-14.

[FN6] That decision was made in reliance upon, **e.g.**, **In re D.S.**, 979 A.2d 901, 905 (Pa. Super. 2009) (noting that "the trial court appropriately deferred further custody and family placement decisions to another day"), but now appears to have been in error. **See In Re: C.L.P.**, 126 A.[3d] 985, 991 (Pa. Super. 2015) (remanding to the trial court "to promptly list Grandparent's [*sic*] custody action for a hearing on the merits"). In any event, that action was dismissed when she failed to pay the filing fee (perhaps because she knew that the action would be stayed) after her

- 4 -

petition to proceed *in forma pauperis* was denied. Order, 8/1/17.

[FN7] The Order also indicated, apparently in error in light of **C.L.P.**, n.6, above, that custody proceedings would not be entertained "for so long as [Child] remains a dependent child."

[FN8] Grandmother, on the same day, filed for custody of another of Mother's children, S.R.W., who resides with her, and for whom a custody mediator has been appointed. Custody Order, 7/24/18.

[FN9] The [Orphans'] Court acknowledges its error in believing that the 2018 statutory amendments only now gave Grandmother standing to petition for custody. Grandmother, as a grandparents who was not *in loco parentis* with [Child], had standing under the 2010 amendments, for she had the consent of Mother and was willing to assume responsibility for [Child], who had been adjudicated dependent.

Trial Court Opinion, 8/30/18, at 1-5 (footnotes in original).

In the July 24, 2018 Order on appeal, the Orphans' Court provided as

follows:

1. The [c]ourt GRANTS the Motion to Intervene filed by [Grandmother].

2. Dependency Court shall have primacy over Custody Court as to [Child].

3. This juvenile dependency case shall continue to be managed in accord with standard Juvenile Court procedures.

4. All Custody Court proceedings as to [Child] shall be stayed until such time as Dependency Court relinquishes jurisdiction or upon further Order or Decree of court.

Trial Court Order, 7/24/18, at 1.

On August 22, 2018, CYS timely filed a Notice of Appeal, along with a Concise Statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b).

In its supplemental Rule 1925(a) Opinion, the Orphans' Court stated as follows:

> The [c]ourt believes it appropriate to inform the Superior Court of developments since the submission of its Rule 1925(a) [O]pinion on August 30, 2018.
>
> The [Rule 1925(a)] [O]pinion noted, at page 5, that a hearing on Grandmother's custody [P]etition had been scheduled for September 11, 2018. At the conclusion of that hearing, Grandmother was awarded physical custody of the minor, as well as shared legal custody with CYS while the dependency action remained open. … The [O]pinion also noted, on page 4 and in footnote 11, that a permanency review hearing had also been scheduled for September 11, 2018, following the custody trial. Due to time constraints with the [Mother] being incarcerated, that hearing was continued to September 13, 2018, at the conclusion of which **court supervision of [Child] was terminated**. … The [c]ourt believes that its jurisdiction over these dependency proceedings was not divested by the instant appeal, and that their termination was both statutorily mandated and in the best interests of the fifteen[-]month[-]old minor. **See** Pa.R.A.P. 1701(c); 42 Pa.C.S.A. § 6302 (defining "Dependent child"); **In re M.L.**, 562 Pa. 646, 650, 757 A.2d 849, 851 (2000) ("Only where a child is truly lacking a parent, guardian or legal custodian who can provide adequate care should we allow our courts to exercise such authority"); **In re J.A.**, 107 A.3d 799, 809 (Pa. Super. 2015) (discussing the juvenile court's continuing jurisdiction).

Supplemental Rule 1925(a) Opinion, 9/17/18, at 1-2 (emphasis added).

In its brief on appeal, CYS raises the following issues:

1. As a matter of law, did the [Orphans' C]ourt err in permitting [] [G]randmother … to intervene into the present dependency action based on custody standing, as outlined in 23 Pa.C.S.A. §[]5325(4) and (5), while [] [G]randmother does not meet the

three clearly established categories to intervene in dependency as outlined in the case of **In re: J.S.**, 980 A.2d 117 (Pa. Super. 2009)?

2. Did the [Orphans' Court] abuse its discretion in permitting [] [G]randmother … to intervene into the present dependency action based on custody standing, as outlined in 23 Pa.C.S.A. §[]5325(4) and (5), while [] [G]randmother does not meet the three clearly established categories to intervene in dependency as outlined in the case of **In re: J.S.**, 980 A.2d 117 (Pa. Super. 2009)?

Brief for Appellant at 2.

We will address CYS's claims together. CYS challenges the Orphans' Court's decision to permit Grandmother to intervene in the dependency proceedings. **See id.** at 7-15. CYS argues that, on the record at the hearing on the Petition, the Orphans' Court found that Grandmother did not meet any of the three categories that would allow for her intervention in dependency proceedings pursuant to **In re J.S. Id.** at 8, 12. CYS states that the brief periods of visitation between Grandmother and Child, and the failed attempt at transitioning Child into placement with Grandmother, did not give rise to Grandmother meeting any of the three categories. **Id.** at 9-10. CYS contends that the Orphans' Court therefore committed an error of law when it allowed Grandmother to intervene in the dependency proceedings. **Id.** at 11. Further, CYS argues that the Orphans' Court abused its discretion by finding that

Grandmother had standing, after it had initially found that she did not satisfy any of the three categories that would permit her intervention. *Id.* at 12-15.[2]

Grandmother responds by arguing, *inter alia*, that the dependency matter has been dismissed, rendering moot CYS's appeal of the Orphans' Court's ruling on her Petition to Intervene in the dependency proceeding. *See* Grandmother's Brief at 12-14.

Our review discloses that the Orphans' Court's September 13, 2018 Order dismissed the dependency proceedings and, accordingly, awarded legal and physical custody to Grandmother pursuant to her custody action. Thus, the Orphans' Court completed the portion of Paragraph 4 of its July 24, 2018 Order, providing that all custody court proceedings would be stayed until such time as the dependency court relinquished its jurisdiction, or upon further order or decree of court. In its Concise Statement and its Statement of Questions Involved section of its brief, CYS challenged the portion of the Order granting Grandmother's Petition to Intervene in the dependency proceedings (Paragraph 1 of the July 24, 2018 )Order). It did not challenge Paragraph 4 of the Orphans' Court's July 24, 2018 Order preserving the dependency action until the court proceeded in the custody action by further order of court. As CYS failed to challenge Paragraph 4 in its appeal from the July 24, 2018 Order,

---

[2] In a letter dated November 14, 2018, and filed in this Court on November 16, 2018, Child's GAL joined the brief of CYS, and stated that she would not be filing a separate brief on behalf of Child.

CYS waived any challenge to the Orphans' Court's preserving the dependency action until the court determined whether to proceed in the custody action by further order of court, which ultimately resulted in the court's dismissal of the dependency proceedings pursuant thereto. ***Krebs v. United Refining Co. of Pa.***, 893 A.2d 776, 797 (Pa. Super. 2006) (holding that an appellant waives issues that are not raised in both the concise statement of errors complained of on appeal and the statement of questions involved in the brief on appeal).

Further, we agree with Grandmother and the Orphans' Court that CYS's appeal from the July 24, 2018 Order is now moot, since the Orphans' Court has dismissed the dependency proceedings and allowed the proceedings in the custody action to proceed.

In ***In Re D.A.***, 801 A.2d 614 (Pa. Super. 2002), this Court explained the mootness doctrine as follows:

> The cases presenting mootness problems involve litigants who clearly had standing to sue at the outset of the litigation. The problems arise from events occurring after the lawsuit has gotten underway -- changes in the facts or in the law -- which allegedly deprive the litigant of the necessary stake in the outcome. The mootness doctrine requires that "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."

> ***In re Gross***, 476 Pa. 203, 209, 382 A.2d 116, 119 (1978) (quoting G. Gunther, *Constitutional Law* 1578 (9th ed. 1975)).

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. ***In re Duran***, 769 A.2d 497 (Pa. Super. 2001). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening

change in the applicable law[.]" ***In re Cain***, 527 Pa. 260, 263, 590 A.2d 291, 292 (1991). In that case, an opinion of this Court is rendered advisory in nature. ***Jefferson Bank v. Newton Associates***, 454 Pa. Super. 654, 686 A.2d 834 (1996). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." ***Johnson v. Martofel***, [797 A.2d 943, 946 (Pa. Super. 2002)]; ***In re T.J.***, 699 A.2d 1311 (Pa. Super. 1997).

\*\*\*

Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. ***Erie Insurance Exchange v. Claypoole***, 449 Pa. Super. 142, 673 A.2d 348 (Pa. Super. 1996); ***Commonwealth v. Smith***, 336 Pa. Super. 636, 486 A.2d 445 (Pa. Super. 1984).

***In Re D.A.***, 801 A.2d at 616. Further, "[t]he concept of mootness focuses on a change that has occurred during the length of the legal proceedings." ***In Re Cain***, 590 A.2d at 292.

Here, it is undisputed that the Orphans' Court had resolved Grandmother's custody Complaint, placing Child with her. The court then dismissed the dependency action in which CYS complains that the Orphans' Court had improperly permitted Grandmother to intervene. There is no longer a dependency case before the Orphans' Court. Thus, as our decision on the propriety of Grandmother's intervention will not reinstate the dependency case, there is no reason for us to explore the exceptions to the mootness doctrine discussed in ***D.A.***, ***supra***. ***See Griffin v. Griffin***, 558 A.2d 86, 89

(Pa. Super. 1989) (stating that "[w]e will not decide moot or abstract questions, or enter a judgment or decree to which effect cannot be given.").

Accordingly, we affirm the Order of the Orphans' Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/2019