J-A17044-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BHAVANI LEE | : | |
| | : | |
| Appellant | : | No. 47 EDA 2020 |

Appeal from the Judgment of Sentence Entered November 4, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000679-2019

BEFORE:  McLAUGHLIN, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: August 5, 2021

Bhavani Lee (Lee)[1] appeals from the November 4, 2019 judgment of

sentence imposed by the Court of Common Pleas of Philadelphia County (trial

court) following her convictions for possession of an instrument of crime (PIC),

simple assault and recklessly endangering another person (REAP).[2]  Lee

challenges the discretionary aspects of her sentence.  We dismiss the appeal

as moot.

The trial court summarized the facts of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The record reveals that Lee's legal name is Bhavani Bee but she was charged
in this case as Bhavani Lee.  For consistency, we refer to her as Lee.

[2] 18 Pa.C.S. §§ 907(a), 2701(a) & 2705.  Lee was found not guilty of one
count of aggravated assault.  18 Pa.C.S. § 2702.

Mr. Ford and [Lee] were residing together at 400 S. 11th St. in the City and County of Philadelphia. Mr. Ford testified that he came home at approximately 5:30 p.m. and that he found [Lee] in bed. He looked around for empty liquor bottles as he believed she had been drinking. He decided to take [Lee's] cell phone and refuse to return it to her unless she gave him the bottle of alcohol. He testified that at that point, [Lee] struck him in the face with her hand and then grabbed a kitchen knife that was about six (6) inches long. He stated that [Lee] "began to come in my direction with the knife" from about an arm's length away, wielding it erratically. Mr. Ford grabbed her arm and in the process was "cut several times" in the arm, torso and neck. They fell to the ground and [Lee] bit his arm, breaking the skin. According to Mr. Ford, [Lee] "had her legs wrapped around me. And I was, you know, again telling her to drop the knife. And at this time, I had called in the name of Jehovah. I said, 'Please, Jehovah, help me.' I said it three times. On the third time, she dropped the knife…" (N.T. 9/4/19 at 9-16).

Mr. Ford testified that he put all the kitchen knives in his bag and called 911. Photographs of his injuries, as well as the knife, were introduced into evidence. He showed that he has 2 scars on his biceps, 2 marks on his hand and arm from being bitten. He also showed a 3 inch scar on his neck from being cut by the knife. That wound was "glued" instead of stitched at Jefferson Hospital.

[Lee] presented stipulated testimony of two (2) witnesses who would say that she has a good reputation in the community as being peaceful, law-abiding and truthful.

Trial Court Opinion, 5/14/20, at 2-3 (cleaned up). Following a non-jury trial, the trial court found Lee guilty of the above-mentioned charges.

The trial court sentenced Lee to 11.5 to 23 months of house arrest on the count of PIC, 2 years of probation on the count of simple assault to be served consecutively, and 2 years of probation on the count of REAP to be served concurrently to the sentence for simple assault. The trial court deferred the sentence for 30 days to allow Lee time to obtain housing in

Philadelphia County to serve her house arrest.[3]  Lee timely filed a post-sentence motion challenging the discretionary aspects of her sentence, which the trial court denied on December 3, 2019.  Lee timely appealed on December 4, 2019, and she and the trial court have complied with Pa.R.A.P. 1925.

After Lee filed her notice of appeal in this case, her parole officer learned that she had been arrested in New Jersey shortly after her sentencing hearing.  She did not inform her parole officer of the new arrest.  She pled guilty in that case on January 24, 2020.  As a result, the trial court held a parole revocation hearing on February 7, 2020.  It revoked Lee's original sentence and resentenced her to 11.5 to 23 months' incarceration on the count of PIC, 2 years of probation on the count of simple assault to be served consecutively, and 2 years of probation on the count of REAP to be served concurrently to the sentence for simple assault.[4]

The only issue Lee presents on appeal is a challenge to the discretionary aspects of her sentence imposed on November 4, 2019.  As the trial court

---

[3] Lee requested a continuance for her turn-in date on several occasions.  On her original date, she was hospitalized and the trial court ordered her to turn herself in the following day.  The next day, she appeared in court but requested additional time because she had not secured an apartment.  The trial court granted the request.  On her next turn-in date, she requested another 24-hour continuance because her apartment had not been approved.  The trial court denied this final continuance and Lee was incarcerated for several days until her apartment was approved for house arrest and she was granted parole.

[4] Lee appealed from this judgment of sentence.  That appeal is docketed at 897 EDA 2020.

vacated this sentence and resentenced her to a term of incarceration on February 7, 2020, we conclude this issue is moot.

"[A]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Commonwealth v. Nava*, 966 A.2d 630, 633 (Pa. Super. 2009) (citation omitted); *see Commonwealth v. King*, 786 A.2d 993, 996 (Pa. Super. 2001) (dismissing as moot a challenge to the legality of a sentence when the term of the sentence had expired). "Because the existence of an actual controversy is essential to appellate jurisdiction, if, pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed." *Commonwealth v. Smith*, 486 A.2d 445, 447 (Pa. Super. 1984). Finally, "[w]hen a sentence is vacated it is rendered a legal nullity." *Commonwealth v. Caple*, 121 A.3d 511, 522 (Pa. Super. 2015). Lee's appeal presents a challenge only to the discretionary aspects of the trial court's November 4, 2019 sentencing order. As the order she appeals from was vacated at her February 7, 2020 revocation hearing and is a legal nullity, her claim is moot.

Appeal dismissed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/5/21