J-S14042-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRISTOPHER A. NAKOSKI | : | |
| | : | |
| Appellant | : | No. 461 MDA 2023 |

Appeal from the Judgment of Sentence Entered February 22, 2023
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0000310-2019

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY MURRAY, J.:                    **FILED: JUNE 10, 2024**

Christopher A. Nakoski (Appellant) appeals from the judgment of sentence entered following a parole violation. Appellant's counsel, Kevin Taccino, Esquire (Counsel), has filed a petition to withdraw as counsel and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). We grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

On January 9, 2020, a jury convicted Appellant of one count of indecent assault.[1] On July 2, 2020, the trial court sentenced him to 3 to 23 months in prison and ordered him to complete sex offender treatment. Appellant's conviction also rendered him a Tier I offender under the Sexual Offender

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

Registration and Notification Act (SORNA), subjecting him to 15-year registration and reporting requirements. **See** 42 Pa.C.S.A. §§ 9799.10 *et seq.*[2]

On September 25, 2020, Appellant filed a motion for parole. On October 15, 2020, the trial court granted the motion and ordered Appellant's release on parole "despite [Appellant's] failure to complete sex offender treatment while in jail." Order, 10/15/20. The trial court noted Appellant's

> release does not negate [the sentencing order's] directives for sex offender treatment[,] and [Appellant] will be required to complete sex offender treatment in the community or face a potential parole violation for noncompliance.

**Id.**

On March 1, 2022, Appellant's parole officer committed him for a parole violation, alleging Appellant failed to "participate in and successfully complete

---

[2] Appellant filed a direct appeal from his judgment of sentence, challenging the weight and sufficiency of the evidence and the admissibility of certain evidence. On June 29, 2021, this Court affirmed. **Commonwealth v. Nakoski**, 1495 MDA 2020, 258 A.3d 557 (Pa. Super. 2021) (unpublished memorandum). On July 29, 2021, Appellant filed a timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The PCRA court appointed new counsel and held multiple evidentiary hearings. On November 11, 2022, the court dismissed the petition, and Appellant timely appealed. On April 23, 2024, we affirmed the dismissal without reaching the petition's merits, concluding Appellant was ineligible for PCRA relief because he was no longer serving a sentence on the underlying conviction. **Commonwealth v. Nakoski**, 1641 MDA 2022 (Pa. Super. 2024) (unpublished memorandum at 5); **see also** 42 Pa.C.S.A. § 9543(a)(1)(i) (to be eligible for PCRA relief, a petitioner must be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted).

sex offender treatment." Motion for Hearing on Parole Violation, 3/21/22. On May 12, 2022, following a hearing, the trial court found Appellant violated his parole by failing to complete sex offender treatment. The trial court recommitted Appellant to serve the balance of his sentence (18 months, 20 days, effective March 1, 2022) with no credit for the time he had spent at liberty on parole. **See** Order, 5/12/22; **see also** 37 Pa. Code § 65.5(4) ("If a parolee … violates the conditions of parole, the court may recommit the parolee to serve the balance of the sentence which the parolee was serving when paroled, with no credit given for time at liberty on parole."). The trial court re-paroled Appellant on the same date, and again directed him to complete sex offender treatment.

On January 26, 2023, Appellant's parole officer requested a hearing on another parole violation, again alleging Appellant failed to "participate in and successfully complete sex offender treatment." Motion for Hearing on Parole Violation, 1/26/23. On February 22, 2023, the trial court held a parole violation hearing. Appellant appeared unrepresented.[3]

---

[3] Private counsel represented Appellant at trial and sentencing. Thereafter, the trial court granted trial counsel's motion to withdraw and appointed a public defender, who represented Appellant on direct appeal. On August 5, 2021, after Appellant filed a *pro se* PCRA petition, the court appointed Daniel Forrest, Esquire (PCRA counsel), to represent Appellant. Nevertheless, the public defender represented Appellant at his first parole violation hearing on May 11, 2022.

The trial court conducted a colloquy regarding Appellant's desire to represent himself. N.T., 2/22/23, at 3-6. The trial court asked Appellant if he wanted to represent himself, and he replied, "I have no other option." *Id.* at 3. Appellant asserted the public defender "did not represent me in an accurate manner" at the first violation hearing. *Id.* Appellant maintained he had sought other counsel, "but because of Attorney For[r]est being my PCRA attorney, no other attorney will take me on." *Id.* The trial court advised Appellant he had "the right to be represented by court-appointed counsel if you cannot afford to hire counsel of your choice." *Id.* at 4. Appellant agreed he understood that right, and stated he understood the nature of the parole violation proceeding. *Id.* Appellant also confirmed his understanding that he would be incarcerated if the trial court found him in violation of his parole, and that an attorney might know how to "raise certain rights or claims or defenses applicable and appropriate to the allegations of parole violation." *Id.* However, when asked if he understood that "those rights or claims or defenses" could be lost if not "properly or timely raised," Appellant responded, "I don't know that, ma'am." *Id.* at 4-5.

Appellant continued, "I just know that I have this evidence that has been denied to be entered for four years now, and it's critical…." *Id.* at 5. He then referred to alleged evidence regarding the truthfulness of "[e]verybody that has testified against me" at trial. *Id.* The trial court advised Appellant the only issue before it that day was "to determine whether you are in violation

of the terms of your sentence based on your unsuccessful discharge from sex offender treatment." *Id.* Appellant asserted,

> This [evidence] is directly related to my behavior. Because nobody wants to acknowledge these facts…. This is why I am so tense. I can't give a good polygraph because I am so mad that my rights are just being nullified and annihilated.

*Id.* at 5-6. The trial court responded,

> All right. So, it appears that [Appellant] has voluntarily and understandingly waived his right to counsel. The [trial c]ourt has made counsel available to [Appellant] on other occasions. [Appellant] most recently had the services of the public defender's office on a prior violation hearing, which resulted in [Appellant] being released and given the opportunity to successfully complete sex offender treatment. So, despite his allegations that counsel hasn't assisted him, I do believe that [the public defender] did quite a bit. So, we are going to proceed assuming—presuming—and finding that [Appellant] understands his right to counsel and has voluntarily waived it.

*Id.* at 6.

> At the hearing, Appellant's parole officer testified that,

> on December 15, 2022, [Appellant] was present at PA Counseling for a polygraph examination, which is a requirement of the [sex offender] treatment program. On that date, … according to the sex offender treatment therapist, … the therapist was summoned to the office in which the polygraphist was working with [Appellant] to complete a sexual history polygraph…. In the pre-polygraph interview, [Appellant] consistently insulted the therapist and polygraphist, … as well as disclosed that he had filed a lawsuit against them. Due to [Appellant's] aggressive behavior and inability to work with the therapist and polygraphist, he was asked to leave…. [The therapist completed discharge paperwork stating Appellant was unsuccessfully discharged] due to aggressive and hostile behavior towards the treatment provider and the polygraphist.

*Id.* at 10-11.

Though Appellant did not testify at his hearing, he proclaimed, "Everybody that testified against me [at trial] committed perjury." *Id.* at 16. He asserted, "everything they said is a lie" and "I will go to my grave knowing I am innocent." *Id.* at 17, 18. When the trial court asked Appellant if he successfully completed sex offender treatment, he stated, "I was ejected because of my aggravation due to … the unlawful suppression of this evidence I just referenced." *Id.* at 18.

The trial court found Appellant violated his parole due to his "unsuccessful discharge from sex offender treatment," and recommitted him "to serve the balance of his sentence [(16 months, 8 days)] effective this date unless earlier reparoled." Order, 2/22/23.

Appellant, *pro se*, filed a timely notice of appeal from the February 22, 2023, order. The trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement and advised him of his obligation to request a transcript of the parole violation hearing. **Appellant never filed a Rule 1925(b) statement or transcript request.** The trial court submitted an opinion under Rule 1925(a), opining Appellant had waived any appellate claims by failing to file a Rule 1925(b) statement or transcript request. Trial Court Opinion, 5/22/23, at 4-6.

On appeal, Appellant failed to file a docketing statement in this Court. We remanded to the trial court for a determination whether Appellant had counsel in the instant appeal, noting he had counsel in his then-pending PCRA

- 6 -

appeal.  The trial court determined PCRA counsel did not represent Appellant in the instant matter and, following a **Grazier**[4] hearing, appointed Counsel.

On October 20, 2023, Counsel filed a motion in the trial court for Appellant's immediate parole.  Noting Appellant's maximum sentence would expire in 8 months, Counsel requested parole to enable Appellant to seek medical treatment.  Motion for Immediate Parole, 10/20/23, ¶ 6.  **On January 18, 2024, following a hearing, the trial court entered an order immediately releasing Appellant from prison, discharging him from any further parole supervision, and closing his case**.  The trial court ended Appellant's parole early because "the remaining supervision period was too short for [Appellant to complete] sex offender treatment," and his supervision could not be transferred to Erie County, the location of his home plan.  Trial Court Opinion, 3/19/24, at 7.

On February 16, 2024, Counsel filed in this Court an **Anders** brief and a petition to withdraw.  Appellant has not responded to Counsel's petition. The Commonwealth did not file an appellee brief.

We first examine Counsel's request to withdraw.  **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super. 2015) (requiring this Court to first review whether counsel has met the procedural requirements of **Anders** and

---

[4] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

*Santiago*).  An attorney seeking to withdraw from representation on appeal must

> (1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) furnish a copy of the brief to the defendant; and (3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*).  Pursuant to *Santiago*, counsel must also

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citing *Santiago*, 978 A.2d at 361).  Once counsel has complied with the procedural requirements, we review the record and render an independent judgment as to whether the appeal is wholly frivolous.  *See Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel filed an *Anders* brief and a separate petition to withdraw. In his petition, Counsel confirms he conducted a thorough and conscientious review of the record and concluded Appellant's appeal is frivolous. Additionally, Counsel sent a letter to Appellant, informing him of Counsel's intention to withdraw and advising him of his right to retain new counsel or proceed *pro se* to raise additional claims.  The record reflects that Counsel

furnished Appellant with copies of the petition to withdraw and the **Anders** brief. The **Anders** brief summarizes the factual and procedural history of this appeal and explains Counsel's reasons for concluding that the appeal is wholly frivolous. As Counsel has satisfied the procedural requirements of **Anders** and **Santiago**, we next review the issue presented in the **Anders** brief.

Appellant raises a single issue for review: "Did the trial court err by finding that [Appellant] waived his right to counsel at the second parole violation hearing?" **Anders** Brief at 9. In his **Anders** brief, Counsel asserts this issue, though arguably meritorious,[5] was rendered moot by the trial court's January 18, 2024, order releasing Appellant from prison and discharging him from further parole supervision. **Id.** at 12-19. We agree.

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. **In re Duran**, 769 A.2d 497 (Pa. Super. 2001). "An issue can become moot during the pendency of an appeal due to an

---

[5] When a defendant wishes to waive the right to counsel, the trial court is

> ultimately responsible for ensuring that the defendant is questioned about the six areas specified in [Pa.R.Crim.P. 121] and for determining whether the defendant is indeed making an informed and independent decision to waive counsel. Specifically, it is incumbent on the court to fully advise the accused of the nature and elements of the crime before accepting waiver of counsel. A penetrating and comprehensive colloquy is mandatory, regardless of the defendant's experience with the system. Failure to conduct a thorough, on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error on direct appeal.

**Commonwealth v. Isaac**, 205 A.3d 358, 363 (Pa. Super. 2019) (citations, quotation marks, and brackets omitted).

intervening change in the facts of the case or due to an intervening change in the applicable law[.]" *In re Cain*, 590 A.2d 291, 292 (Pa. 1991). In that case, an opinion of this Court is rendered advisory in nature. *Jefferson Bank v. Newton Associates*, 686 A.2d 834 (Pa. Super. 1996). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Johnson v. Martofel*, 797 A.2d 943, 946 (Pa. Super. 2002)….

*In re R.D.*, 44 A.3d 657, 680 (Pa. Super. 2012) (quoting *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002)) (citations modified).

Where an appellant "chooses to attack only his sentence, and not the underlying conviction, the expiration of the sentence renders the case moot unless the [appellant] can demonstrate collateral consequences adequate to satisfy the case-or-controversy requirement." *Commonwealth v. Gillins*, 302 A.3d 154, 162 (Pa. Super. 2023) (citing *Mistich v. Pa. Bd. of Probation and Parole*, 863 A.2d 116, 120 (Pa. Cmwlth. 2004)).

A number of disabilities may attach to a convicted defendant even after he has left prison, and the [United States Supreme] Court has recognized the standing of such persons to challenge the legality of their convictions even when their sentences have been served. Nullification of a conviction may have important benefits for a defendant[,] but urging the correction of a sentence already served is another matter.

*Mistich*, 863 A.2d at 120 (emphasis added) (quoting *North Carolina v. Rice*, 404 U.S. 244, 247-48 (1971)) (ellipses omitted).

In the instant appeal, Appellant attacks only his sentence, not his underlying conviction. Appellant's sentence expired on January 18, 2024, when the trial court entered its order releasing Appellant from prison and discharging him from any further parole supervision. Counsel identifies no

collateral consequences arising from the appealed order, *see Anders* Brief at 15, and our independent review of the record discloses none.[6]  Therefore, Appellant's challenge to that order is moot.

> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: (1) the case involves a question of great public importance, (2) the question presented is capable of repetition and apt to elude appellate review, or (3) a party to the controversy will suffer some detriment due to the decision of the trial court.  *Erie Ins. Exchange v. Claypoole*, 673 A.2d 348 (Pa. Super. 1996); *Commonwealth v. Smith*, 486 A.2d 445 (Pa. Super. 1984).

*In re R.D.*, 44 A.3d at 680 (quoting *In re D.A.*, 801 A.2d at 616) (citations modified).  None of these exceptions apply here.  This case does not involve a question of great public importance, nor one capable of repetition and apt to elude appellate review.  As no collateral consequences arise from the appealed order, Appellant will suffer no continued detriment due to the trial court's decision.  *See Anders* Brief at 17-19 (conceding no exceptions to the mootness doctrine apply).  Under these circumstances, we decline to reach the merits of Appellant's challenge to the appealed order.

In light of this conclusion, we agree with Counsel's assessment that Appellant's appeal is frivolous.  Moreover, our independent review discloses no non-frivolous issues Appellant could raise on an appeal from the trial court's

---

[6] The collateral consequences of Appellant's underlying conviction, such as his SORNA registration and reporting requirements, are not implicated in an appeal of the February 22, 2023, parole violation order.

February 22, 2023, order.[7]    Accordingly, we grant Counsel's motion to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted.  Judgment of sentence affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2024

---

[7] Appellant filed a separate appeal from the trial court's January 18, 2024, order, which is pending in this Court at 186 MDA 2024.