Cynthia JOHNSON, Appellant,

v.

John MARTOFEL, Appellee.

Superior Court of Pennsylvania.

Argued Feb. 6, 2002.
Filed March 21, 2002.
Reargument Denied May 29, 2002.

Peter M. Suwak, Washington, for appellant.

Gary J. Frankhouser, Uniontown, for appellee.

Before: DEL SOLE, P.J., BENDER and TAMILIA, JJ.

BENDER, J.

¶ 1 Cynthia Johnson (Appellant) appeals from the trial court's order denying her motion to stay or set aside a writ of possession for real property on which she resided. The trial court found itself without sufficient time to consider the motion prior to the sheriff's execution of the writ and, therefore, it did not rule on the motion until after execution of the writ. Consequently, the court found that the issue was moot and, furthermore, that the property's owner, John Martofel (Appellee), was entitled to the writ of possession. Johnson claims that the trial court erred in so determining. For the reasons that follow, we affirm.

¶ 2 The property at issue in this case is located at 532 Third Street, No. 2, Luzerne Township, Fayette County ("the Property"). Appellant resided at the Property for several years and was its reputed owner until Appellee purchased it at a tax sale on October 14, 1998. On January 1, 1999, Appellee and Appellant entered into a month-to-month lease agreement pursuant to which Appellant would pay Appellee $200 per month as rent. This agreement continued for approximately six months. However, on June 7, 1999, Appellee gave Appellant thirty days' notice to vacate the Property. Appellant refused to vacate the Property, and on August 2, 1999, Appellee filed a landlord-tenant action for possession of the Property before District Justice Herbert Mitchell. On August 18, 1999, District Justice Mitchell entered judgment for possession on behalf of Appellee and in the amount of $400 for the rent in arrears.

¶ 3 On August 25, 1999, Appellant filed a notice of appeal from the judgment of possession and a praecipe for a rule to file a complaint in the Court of Common Pleas. The appeal was docketed at No. 1768 of 1999, G.D., and is the underlying action in the instant appeal before this Court. Appellant deposited a bond of $400 into court for the amount of the judgment, which effectively perfected a supersedeas on the judgment of possession. *See* Pa. R.C.P.D.J. 1008(B). Appellee filed a complaint on September 30, 1999, but Appellant did not file an answer until February 7, 2000. On February 7, 2000, Appellant also filed Objections and/or Exceptions to Tax Sale or Alternatively, Petition to File Objections and/or Exceptions Nunc Pro Tunc at docket No. 2093 of 1998, G.D., requesting the Court of Common Pleas to issue a rule to show cause why the court should not sustain and/or grant Appellant's exceptions and/or objections *nunc pro tunc* to the tax sale wherein Appellee had purchased the Property. On March 9, 2000, the Honorable Gerald R. Solomon entered an order scheduling a hearing for April 12, 2000 to determine whether Appellant should be permitted to file the exceptions to the tax sale. The order also stayed all proceedings in the underlying eviction action at No. 1768 of 1999, G.D.

¶ 4 At the April 12th hearing, counsel for both Appellant and Appellee appeared before Judge Solomon and entered into an agreement by which Appellee gave Appellant 90 days to locate a buyer for the Property or to purchase it herself for $15,000. In exchange, Appellant agreed to withdraw her exceptions to the tax sale, and in the event that she could not secure a buyer for the Property or purchase it herself for $15,000 within the 90 days, she would vacate the Property and execute a quit claim deed in favor of Appellee. Judge Solomon directed the agreement to be reduced to a transcript and made part of the record.

¶ 5 As the foregoing agreement was entered into on April 12, 2000, the 90 days expired on or about July 12, 2000. Months passed after the expiration of the deadline, and Appellant failed to comply with the terms of the agreement, i.e., she failed to locate a buyer or purchase the Property herself, and she did not execute a quit claim deed and vacate the Property. Consequently, on November 6, 2000, Appellee filed a Motion for Contempt and/or Enforcement of Agreement requesting a court order that would compel Appellant to comply with the terms of their April 12th agreement. Judge Solomon scheduled a hearing on the motion for December 22, 2000. Following the hearing, Judge Solomon entered an order that states the following:

> AND NOW, this 22nd day of December, 2000, after hearing, it is hereby ORDERED and DIRECTED that the Defendant, Cynthia Johnson, shall, on or before January 31, 2001, pay to the Plaintiff, John Martofel, the sum of Fifteen Thousand ($15,000) Dollars in full consideration for the subject premises or, execute a quit claim deed to John Martofel and vacate the premises. Failure to comply with the terms of this Order may result in a contempt hearing before this Court.

Order, 12/22/00. January 31, 2001 arrived, and Appellant had not yet complied with the terms of the foregoing order. On January 31st, Appellant attempted to extend the deadline by filing a Motion to Extend Court Ordered Time Limit. On February 8, 2001, Judge Solomon denied the motion.

¶ 6 On March 30, 2001, Appellant not yet having tendered $15,000 or any commitment to purchase the Property, and further having failed to vacate the Property and execute a quit claim deed, Appellee

praeciped for a writ of possession. The prothonotary issued the writ, and the sheriff was to execute the writ at 10 a.m. on May 7, 2001. At 9:15 a.m. on the day the writ was to be executed, Appellant presented an Emergency Motion to Stay Execution of Writ of Possession and/or Set Aside Writ of Possession. Judge Solomon determined that he did not have sufficient time to consider the motion prior to the sheriff executing the writ, as he was presiding over a criminal trial that began at 9:30 a.m., and the sheriff was to execute the writ at 10 a.m. Consequently, the court did not issue a stay, and the sheriff executed the writ. On May 9, 2001, Judge Solomon denied the motion as moot. Appellant appeals from the May 9th order and presents two questions for our review:

I.  Whether the lower court committed an error of law in refusing to stay execution of a Writ of Possession where no valid underlying judgment for possession had been entered?

II. Whether the lower court committed an error of law in refusing to stay execution on a Writ of Possession by declaring the same as moot when the motion had been presented to the Court prior to actual execution and when possession may be returned to the appellant if invalidly entered?

Brief for Appellant at 4. For purposes of clarity, we shall first address the mootness issue raised in Appellant's second question and next address the issue raised in Appellant's first question.

■ ¶ 7 Appellant argues that the trial "court erred in declaring this continuing controversy to be moot." Brief for Appellant at 13. Appellant's motion contained two prayers for relief. The motion requested that the court either set aside the writ of possession or, in the alternative, stay the sheriff's execution of the writ. The question before us is whether the sheriff's execution of the writ prior to the trial court ruling on the foregoing motion rendered it moot.[1]

■ ¶ 8 "As a general rule an actual case or controversy must exist at all stages of the judicial process, and a case once 'actual' may become moot because of a change of facts." *In re Estate of Dorone*, 349 Pa.Super. 59, 502 A.2d 1271, 1274 (1985). "The appellate courts of this Commonwealth will not decide moot or abstract questions except in rare instances when the question presented is one of great public importance, or when the question presented is capable of repetition yet escaping judicial review." *Graziano Constr. Co. v. Lee*, 298 Pa.Super. 311, 444 A.2d 1190, 1193 (1982) (citations omitted). An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. *Cf. Pennsylvania Coal Mining Ass'n v. Commonwealth Dep't of Envtl. Resources*, 498 Pa. 1, 444 A.2d 637, 638 (1982) (stating that "[n]o purpose is presently served by passing upon the legitimacy of orders that at this point have no legal force and effect.").

■ ¶ 9 Therefore, we must determine whether the trial court, in ruling upon the motion to stay the execution of the writ of possession or set it aside, could issue an order that had any legal force or effect by

---

1. We note that although Appellant baldly claims that the trial court should have issued a temporary stay if it concluded that it had insufficient time to rule on the motion, Brief for Appellant at 13, Appellant has failed to articulate an argument in support of this claim or cite any legal authority in support thereof. Consequently, we do not reach this issue. *See* Pa.R.A.P. 2119; *Collins v. Cooper*, 746 A.2d 615, 619 (Pa.Super.2000) (stating that an appellant waives a claim of trial court error when he or she "has failed to cite any authority in support of a contention.").

granting the requested relief. Clearly, the issue of Appellant's request for a stay of the execution of the writ of possession had been rendered moot by the sheriff's execution of the writ. It would have been futile for the court to have issued an order staying the execution of the writ after the writ had already been executed. We must next determine whether there would have been any legal force or effect to the court setting aside the writ after it had been executed. A writ of possession is simply the legal means for executing on a judgment of possession. *See* Pa.R.C.P. 3160. Once Appellant was out of possession of the Property, the writ of possession became a nullity. The purpose for which the writ existed, namely divesting Appellant of possession of the Property, had been achieved and, therefore, setting aside the writ of possession would be of no consequence.

¶ 10 Appellant argues that "[w]here meaningful relief can still be granted, even if restitutionary in nature, the matter is not moot." Brief for Appellant at 13–14. In support of this argument, Appellant directs us to one case, *Faden v. Philadelphia Housing Authority*, 424 Pa. 273, 227 A.2d 619 (1967).

¶ 11 In *Faden*, a Philadelphia taxpayer named Faden brought suit against the Philadelphia Housing Authority seeking to set aside a contract for the conversion of coal-fired boilers between the Authority and a contractor on the basis that the contract had not been awarded to the lowest possible bidder. *Id.* at 620. Faden's complaint also sought "such other and further relief as may be deemed just and reasonable." *Id.* at 621. The Authority filed preliminary objections to the complaint, which the Court of Common Pleas sustained. Faden appealed to the Supreme Court. However, approximately three months after Faden filed her appeal, the Authority filed a motion with the Supreme Court requesting that it dismiss the appeal as moot since all the work to be performed under the underlying contract had been completed. *See id.* at 620. The court declined to dismiss the case as moot. In so deciding, the court analyzed the relief requested by Faden in her complaint. The court stated:

> Appellant's prayer for relief in the court below did not seek only to restrain the defendant contractor from performing its duties under the contract, it also sought to restrain the defendant Philadelphia Housing Authority from performing its duties and in addition such other and further relief as may be deemed just and reasonable.

*Id.* at 621 (emphasis added). The court reasoned that the completion of performance of the contract did not render the case moot because Faden had requested additional relief and such relief may still be available to her. *See id.*

¶ 12 In this case, the trial court had before it a motion requesting a stay of the execution of the writ of possession or an order setting it aside. As discussed above, after the sheriff executed the writ, the court could not issue an order that had any legal force or effect regarding this requested relief. Furthermore, considering the posture of this case, Appellant could not have requested, nor was she entitled to, any additional relief. Three months prior to Judge Solomon concluding that the motion was moot, he had already issued an order declining to grant Appellant an extension of time to comply with his earlier orders. This left Appellant with no option but to vacate the Property in compliance with the order of December 22nd. Moreover, the motion to set aside the writ of possession or stay its execution did not advance a legal argument as to why Appellant was not obligated to comply with Judge Solomon's December 22nd order and vacate the premises. Nor has Appellant presented this Court with any argument that would demonstrate her entitle-

ment to possession of the Property. Therefore, Judge Solomon did not err in denying the motion because the execution of the writ rendered the motion moot.

■ ¶ 13 Alternatively, were we to determine that the motion was not moot, we would nonetheless affirm Judge Solomon's order denying the motion as we are unpersuaded by Appellant's first argument that Appellee was not entitled to a writ of possession because there allegedly was no underlying judgment of possession. Appellant cites Rule 3160, which states that a "judgment for possession shall be enforced by a writ of possession." Pa.R.C.P. 3160. Appellant claims that "no judgment for possession was properly entered, and hence the predicate for the issuance of a writ of possession was not established." Brief for Appellant at 12. This argument is without merit.

■ ¶ 14 Although the docket entries indicate that Appellant initially perfected a supersedeas on the judgment of possession from District Magistrate Mitchell, the supersedeas was terminated on February 24, 2000, upon praecipe of Appellee confirming that Appellant failed to deposit into court a bond or sum of money in the amount of monthly rent due for a period in excess of 30 days. Reproduced Record (R.R.) at 1a. On March 6, 2000, Appellant deposited into court a bond in the amount of two months' rent, however, Appellant made no further deposits after this date. R.R. at 1a–2a. At the time that Appellee praeciped for the writ of possession on March 3, 2001, the record reflects that she had not deposited any money into court for almost a year and, therefore, there was no supersedeas of record to stay the judgement of possession entered by District Magistrate Mitchell. *See* Pa.R.C.P.D.J. 1008(B); *Smith v. Coyne,* 555 Pa. 21, 722 A.2d 1022, 1023 (1999) (stating that when an appellant fails to comply with the requirements of Rule 1008(B), the appeal to the Court of

Common Pleas does not operate as a supersedeas to stay a district justice's judgment of possession). Consequently, at the time that the prothonotary issued the writ of possession there was a valid judgment of possession of record.

¶ 15 Furthermore, at the time that Appellant presented the motion to the trial court, Judge Solomon was aware that Appellant had failed to comply with the terms of his December 22nd order, and that over ten months had passed since the expiration of the original April 12th agreement that also required that Appellant vacate the Property. Upon these facts, we cannot conclude that Judge Solomon erred in denying Appellant's motion to set aside the writ of possession or stay its execution.

¶ 16 Order AFFIRMED.