J-S22016-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEVEN BELLANO AND NANCY BELLANO | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellees | |
| v. | |
| NADIAYAH GOVAN AND TAHIR LOWRIE, INDIVIDALLY AND T/A ANGELS OF MINE | |
| Appellants | No. 2488 EDA 2017 |

Appeal from the Order Entered June 28, 2017
In the Court of Common Pleas of Delaware County
Civil Division at No: 17-001760

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT, J.*

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 05, 2018**

Appellants, Nadiayah Govan and Tahir Lowrie, individually and trading as Angels of Mine, appeal from an order denying their petition to strike or open a judgment by confession against them.  We affirm.

On April 23, 2013, Appellants entered into a lease as tenants for commercial space located at 150 West 5th Street in Chester, Pennsylvania ("the property").  Appellees were the lessors of the property.  Appellants accepted the property in an "as is" condition, and they intended to use it as a daycare center, with rent commencing following remodeling and receipt of required governmental approvals and licenses.

_____

* Retired Senior Judge assigned to the Superior Court.

On February 21, 2017, Appellees entered a confession of judgment against Appellants pursuant to a confession of judgment clause in the lease due to Appellants' failure to pay rent from August 2016 onward. The judgment was only for possession of the leasehold premises and not for money. On March 23, 2017, Appellants filed a petition to strike or open the judgment. On June 29, 2017, following oral argument, the trial court denied Appellants' petition.

On July 10, 2017, Appellees filed a praecipe for writ of possession on the confessed judgment. On July 28, 2017, Appellants filed a timely notice of appeal. Both Appellants and the trial court subsequently complied with Pa.R.A.P. 1925. Appellants, however, did not move for a supersedeas or a stay of execution following their appeal. Consequently, on September 6, 2017, the sheriff served the writ of possession and ejected Appellants from the premises.

Appellants raise the following questions on appeal:

1. Whether the lower court erred in refusing to open judgment and allow Appellants' claims to proceed to trial, where Appellants raised the issue of breach of contract by Appellees for failure to make the rental premises fit for habitation and Appellants' purposes, when Appellees knew that the premises would be used for daycare?

2. Whether the lower court abused its discretion in not allowing testimony and evidence from Appellants, prior to making its determination to deny Appellants' petition to open judgment?

3. Whether the lower court erred in not opening Appellees' judgment by confession and allowing Appellants to plead their claims where the judgment was unlawfully taken against Appellants by Appellees?

Appellants' Brief at 4.

In response, Appellees argue that this appeal is moot because the sheriff ejected Appellants from the premises on September 6, 2017. We agree with Appellees.

> "As a general rule an actual case or controversy must exist at all stages of the judicial process, and a case once 'actual' may become moot because of a change of facts." *In re Estate of Dorone*, [] 502 A.2d 1271, 1274 ([Pa. Super.] 1985). "The appellate courts of this Commonwealth will not decide moot or abstract questions except in rare instances when the question presented is one of great public importance, or when the question presented is capable of repetition yet escaping judicial review." *Graziano Constr. Co. v. Lee*, [], 444 A.2d 1190, 1193 ([Pa. Super.] 1982) []. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. *Cf. Pennsylvania Coal Mining Ass'n v. Commonwealth Dep't of Envtl. Resources*, [] 444 A.2d 637, 638 ([Pa.] 1982) (stating that "[n]o purpose is presently served by passing upon the legitimacy of orders that at this point have no legal force and effect.").

*Johnson v. Martofel*, 797 A.2d 943, 946 (Pa. Super. 2002).

Review of several rules of appellate procedure will place the issue of mootness in proper context. Pennsylvania Rule of Appellate Procedure 1732 provides in relevant part:

> Application for a stay of an order of a trial court pending appeal, or for approval of or modification of the terms of any supersedeas, or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal, or for relief in the nature of peremptory mandamus, must ordinarily be made in the first instance to the trial court, except where a prior order under this chapter has been entered in the matter by the appellate court or a judge thereof.

Pa.R.A.P. 1732(a). In addition, Pennsylvania Rule of Appellate Procedure 1733 provides in relevant part:

> **(a) General rule.** An appeal from an order which is not subject to Rule 1731[1] (automatic supersedeas of orders for the payment of money) shall, unless otherwise prescribed in or ordered pursuant to this chapter, operate as a supersedeas only upon the filing with the clerk of the court below of appropriate security as prescribed in this rule. Either court may, upon its own motion or application of any party in interest, impose such terms and conditions as it deems just and will maintain the res or status quo pending final judgment or will facilitate the performance of the order if sustained.
>
> **(b) Tangible property.** When the order determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the sheriff, or when the proceeds of such property or appropriate security for its value is in the possession, custody or control of the court, the amount of the additional security shall be fixed by agreement of the parties, or by the court, at such sums only as will secure any damages for the use and detention of the property, interest, the costs of the matter and costs on appeal.
>
> **(c) Other cases.** In all other cases the security shall be in such amount as the lower court in the first instance or the appellate court or a judge thereof shall deem just and proper.

Pa.R.A.P. 1733.

In this case, Appellants did not move for a stay under Rule 1732 or move for an order directing them to file appropriate security with the prothonotary

---

[1] Pa.R.A.P. 1731 provides in relevant part: "[A]n appeal from an order involving solely the payment of money shall, unless otherwise ordered pursuant to this chapter, operate as a supersedeas upon the filing with the clerk of the lower court of appropriate security in the amount of 120% of the amount found due by the lower court and remaining unpaid." Pa.R.A.P. 1731(a).

under Rule 1733. Thus, nothing prevented Appellees from executing the writ of possession on September 6, 2017.

The execution of the writ rendered this appeal moot. ***Johnson***, ***supra***. In ***Johnson***, a tenant refused to comply with a stipulation and a subsequent court order that she would either purchase the property at issue for $15,000, find another buyer for it, or vacate the property. The prothonotary issued a writ of possession that the sheriff was scheduled to execute at 10 a.m. on May 7, 2001. The tenant sought a stay of execution of the writ by petitioning the trial court at 9:15 a.m. on the day of execution. The trial court concluded that it lacked sufficient time to consider the tenant's petition prior to its execution. Two days later, the court dismissed the petition as moot.

This Court concluded that the trial court properly dismissed the tenant's petition as moot, thus rendering the tenant's appeal moot:

> [W]e must determine whether the trial court, in ruling upon the motion to stay the execution of the writ of possession or set it aside, could issue an order that had any legal force or effect by granting the requested relief. Clearly, the issue of Appellant's request for a stay of execution of the writ of possession had been rendered moot by the sheriff's execution of the writ. It would have been futile for the court to have issued an order staying the execution of the writ after the writ had already been executed. We must next determine whether there would have been any legal force or effect to the court setting aside the writ after it had been executed. A writ of possession is simply the legal means for executing a judgment of possession. ***See*** Pa.R.C.P. 3160. Once Appellant was out of possession of the Property, the writ of possession became a nullity. The purpose for which the writ existed, namely divesting Appellant of possession of the Property, had been achieved and therefore, setting aside the writ of possession would be of no consequence.

*Id.*, 797 A.2d at 946–47. We observed that the tenant's appeal might not have become moot had the tenant requested additional relief besides restoration of possession, but because she did not seek additional relief, "the court could not issue an order that had any legal force or effect . . ." *Id.* at 947.

Appellants' position in this case fares worse than the tenant's position in *Johnson*. Whereas the tenant in *Johnson* requested a stay at the eleventh hour, Appellants failed to seek any stay prior to execution of the writ. Thus, the sheriff properly executed the writ, making it impossible for us to enter any order that has legal force or effect.

Because this appeal is moot, we will not consider any of the issues that Appellants raise in their brief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/18