J-A29005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY M. SHILLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAULA SUE SHILLING | : | No. 1760 WDA 2018 |

Appeal from the Order Dated November 9, 2018
In the Court of Common Pleas of Indiana County Civil Division at No(s):
No. 12066-CD 2013

| | | |
|---|---|---|
| PAULA S. SHILLING | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TIMOTHY M. SHILLING | : | |
| | : | |
| Appellant | : | No. 761 WDA 2019 |

Appeal from the Order Dated November 14, 2018
In the Court of Common Pleas of Indiana County Domestic Relations at
No(s): 2013-00386, Pacses No. 120114392

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                    **FILED DECEMBER 16, 2019**

Appellant, Timothy M. Shilling, appeals *pro se* from the court's

November 9, 2018 and November 14, 2018 orders denying his two motions

_____

[*] Retired Senior Judge assigned to the Superior Court.

for recusal filed in the above-captioned cases.[1]   After review, we dismiss these appeals.

This case presents a complex and tortured procedural history, due in large part to Appellant's incessant filing of *pro se* motions before the trial court.  From what we can glean from the certified record, a divorce decree was entered on May 25, 2016, finalizing the divorce of Appellant and his former wife, Paula Shilling.  The parties' support and custody issues were bifurcated and litigated over the ensuing years.  Pertinent to the present appeal, on November 9, 2018, Appellant filed two motions for the trial judge to recuse.  The court issued orders denying those motions on November 9, 2018, and November 14, 2018.

Appellant appealed and, during the pendency thereof, he has inundated this Court with at least twenty *pro se* petitions seeking various forms of relief.  He has also continued to file numerous *pro se* pleadings before the trial court, thus further complicating the record before us.  At this juncture, it is wholly unclear to this Court what, if any, issues remain outstanding below.  To the extent the parties' support and/or custody matters have been finally resolved, Appellant's challenge to the court's November 2018 orders underlying his present appeal have become moot.  ***See Johnson v. Martofel***, 797 A.2d 943, 946 (Pa. Super. 2002) ("An issue before a court is moot if in ruling upon the

---

[1] It appears that the trial court consolidated Appellant's cases below. Appellant filed a notice of appeal at each docket number, and this Court *sua sponte* consolidated his appeals by *per curiam* order entered on June 5, 2019.

issue the court cannot enter an order that has any legal force or effect.").

Additionally, if any issues remain pending before the trial court, then the at-issue orders are interlocutory, and to challenge the court's recusal decision, Appellant must appeal once a final order is entered. *See In re Bridgeport Fire Litigation*, 51 A.3d 224, 229 (Pa. Super. 2012) ("[A]n order on a motion for recusal is an interlocutory order for purposes of appeal.") (citing *Rohm and Haas Co. v. Lin*, 992 A.2d 132, 149 (Pa. Super. 2010) ("A motion for recusal is an interlocutory order.").

Therefore, because we conclude that Appellant's appeals from the court's November 9, 2018 and November 14, 2018 orders are either moot or interlocutory, we dismiss his appeals.[2]

_____

[2] In any event, we observe that Appellant's 149-page brief to this Court is nearly incomprehensible and, at best, we discern only bald allegations of improper conduct by the court. *See, e.g.*, Appellant's Brief at 29 ("The [judge] has engaged in [o]fficial oppression, oppression of evidence and conduct that is prejudicial to the effect and [a]dministration of the business of the courts, undermines public confidence in the integrity and impartiality of the judiciary and create[d] a strong appearance of impropriety of excluding an essential component of a fair and impartial system of justice to accord to Appellant who has the legal interest and has not had the right to be heard in front of the [court] in the preceding according to the judicial code of canons.") (emphasis omitted); *id.* at 44 ("The [court] in this case has denied all access to the courts to be heard and to address [h]arm which demonstrates [t]he [court's] unwillingness to provide access to the courts to a *pro se* litigant father."); *id.* at 45 ("The inappropriate conduct by [t]he [court] such as willful misconduct in office, persistent failure to perform duties, prejudicial to the administration of justice and [c]onduct unbecoming of a judicial officer. The [court's] repeated failure to abide by the rules of procedures and the [court's] willful violation of the code of canons has continued throughout the entire case."). Appellant's failure to explain what *specific* conduct the court committed that warranted recusal would not establish that the trial court

- 3 -

Appeals dismissed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  12/16/2019

---

abused its discretion by denying his recusal motions. **See Commonwealth v. White**, 910 A.2d 648, 657-58 ("Where a jurist rules that he or she can hear and dispose of the case fairly and without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.") (citation omitted).