J-S34022-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL ALLAN FROST | : | |
| | : | |
| Appellant | : | No. 1656 WDA 2018 |

Appeal from the PCRA Order Entered October 24, 2018
In the Court of Common Pleas of Crawford County Criminal Division at
No(s):  CP-20-CR-0001288-1999

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                FILED SEPTEMBER 10, 2020

Michael Allan Frost appeals from the order dismissing as untimely his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Frost's counsel has filed a Turner/Finley[1] brief and a Motion for Leave to Withdraw as Counsel. We grant counsel leave to withdraw and affirm the order of the PCRA court.

Frost pled guilty to three counts of involuntary deviate sexual intercourse and two counts of endangering welfare of children[2] for acts he committed in 1998 and 1999. On May 19, 2000, the trial court sentenced Frost

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988); Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) (en banc).

[2] See 18 Pa.C.S.A. §§ 3123(a)(6) and 4304(a), respectively.

to serve an aggregate term of 16 to 32½ years' imprisonment. The court entered an amended sentencing order on June 6, 2000, giving Frost credit for time served. At sentencing, the court notified Frost that he would be subject to a 10-year registration requirement under Megan's Law. See N.T., 5/19/2000, at 29. Frost did not file a direct appeal.

After numerous unsuccessful PCRA petitions, on April 24, 2018, Frost filed the subject petition, his eleventh. Proceeding pro se, Frost alleged that the application of Subchapter H of the Sexual Offender Registration and Notification Act ("SORNA")[3] to Frost's case would violate the Ex Post Facto Clauses of the state and federal constitutions, pursuant to Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017).

The PCRA court appointed counsel, who filed an amended petition. In the amended petition, Frost argued that upon his release, he should be subject to the registration requirements of the version of Megan's Law that was in place at the time he committed his crimes. In the alternative, Frost argued that he should be subject to the recently enacted Subchapter I of SORNA.[4] Frost asserted that his petition was timely as he mailed it from prison within 60 days of the February 21, 2018 amendments to SORNA, which included the addition of Subchapter I.

---

[3] See 42 Pa.C.S.A. §§ 9799.10-9799.41.

[4] See 42 Pa.C.S.A. §§ 9799.51-9799.75.

Following argument,[5] the PCRA court issued Pa.R.Crim.P. 907 notice of its intention to dismiss Frost's petition without a hearing due to the petition's untimeliness. See Pa.R.Crim.P. 907. The court concluded that the petition did not qualify as timely on the basis of Muniz, and explained that the registration requirements under the current version of SORNA would apply to Frost upon his release. The notice gave Frost 20 days from September 25, 2018, to respond.

Frost mailed an untimely pro se response to the PCRA court,[6] again asserting that the application of Subchapter H to his case would be unconstitutional pursuant to Muniz. Frost also argued that he should not be subject to the requirements of Megan's Law, as it was replaced by SORNA, and that Subchapter I of SORNA is unconstitutional as applied to him, as it violates the ex post facto clause of the state and federal constitutions and the prohibition against double jeopardy. The PCRA court forwarded a copy to Frost's counsel, and dismissed the petition.

Frost filed a timely pro se notice of appeal on November 19, 2018.[7] The docket does not reflect whether the court sent a copy of the notice of appeal

---

[5] A transcript of the argument is not included in the certified record.

[6] Frost dated the response October 21, 2018.

[7] Although Frost was represented by counsel, a criminal defendant represented by counsel may file a pro se notice of appeal. See Commonwealth v. Williams, 151 A.3d 621, 624 (Pa.Super. 2016).

to Frost's counsel.[8] See Pa.R.Crim.P. 576(A)(4). The PCRA court then issued an order directing Frost to file a concise statement of matters complained of on appeal, stating that Frost was "unrepresented." See Pa.R.A.P. 1925(b). The docket does not contain a notation that the court sent a copy of the order to Frost's counsel. Frost thereafter filed an untimely pro se Rule 1925(b) statement.

Approximately one month later, the court entered an order acknowledging that Frost had filed a pro se notice of appeal and Rule 1925(b) statement while still represented by counsel. The court stated that although Frost "has counsel of record," he "may continue" to act pro se "with the understanding that if he wishes to have his attorney act on his behalf, he must file a motion requesting that[,] so that counsel can be directed to, again, be involved in this matter on behalf of [Frost.]" See Order, 1/18/19, at 1. In February 2019, the trial court ordered that counsel would continue to represent Frost on appeal.

---

[8] Apparently unaware that Frost had filed a pro se notice of appeal and that an appeal was already pending, on December 4, 2018, Frost's counsel petitioned the court for leave to appeal nunc pro tunc. In the petition, Frost's counsel alleged that Frost had asked him within the appeal period to file an appeal, but he had failed to do so. The PCRA court denied counsel's petition.

Frost's counsel initially filed a Motion for Leave to Withdraw as Counsel and an Anders[9] brief.[10] By memorandum dated November 26, 2019, this Court concluded that counsel's initial request to withdraw was deficient due to an error in counsel's letter to Frost. Counsel advised Frost, "Should the [c]ourt decide to grant my Motion for Leave to Withdraw as Counsel in your case, you do have the right to proceed pro se (representing yourself) or you may hire counsel of your own choosing." See Letter, 3/22/19, at 9 (unpaginated). This advice was erroneous, as Frost had the immediate right to proceed with the appeal — whether pro se or with new counsel — once counsel sought leave to withdraw. See Commonwealth v. Muzzy, 141 A.3d 509, 512 (Pa.Super. 2016).

Accordingly, we denied counsel's motion to withdraw and instructed counsel to file either an advocate's brief or a no-merit letter and request to withdraw within 30 days. Further, this Court clarified that the issues on appeal would not be limited to those listed in Frost's pro se Rule 1925(b) statement.

---

[9] Anders v. California, 386 U.S. 738 (1967).

[10] The proper filing in conjunction with a request to withdraw from PCRA representation is a Turner/Finley "no-merit" letter. See Commonwealth v. Wrecks, 931 A.2d 717, 722 (Pa.Super. 2007) (explaining differences between requirements to withdraw during PCRA representation and on direct appeal). However, because an Anders brief provides greater protection to a defendant, we may accept it in lieu of a no-merit letter. See Commonwealth v. Widgins, 29 A.3d 816, 817 n.2 (Pa.Super. 2011).

Counsel has since filed a renewed Turner/Finley brief and a Motion for Leave to Withdraw as Counsel. A Turner/Finley brief must "[detail] the nature and extent of counsel's diligent review of the case, [list] the issues which the petitioner wants to have reviewed, [explain] why and how those issues lack merit, and [request] permission to withdraw." Wrecks, 931 A.2d at 721. Counsel must also send to the petitioner (1) a copy of the no-merit letter, (2) a copy of counsel's petition to withdraw, and (3) "a statement advising petitioner of the right to proceed pro se or by new counsel." Id. When counsel seeks to withdraw from appellate representation, his letter must advise the petitioner that he has the right to proceed pro se or through new counsel immediately upon counsel's request to withdraw. Muzzy, 141 A.3d at 512. If counsel has satisfied the Turner/Finley requirements, this Court will then "conduct its own review of the merits of the case." Wrecks, 931 A.2d at 721.

Here, counsel has substantially complied with the technical demands of Turner/Finley. Counsel sent Frost copies of his no-merit brief and his Motion for Leave to Withdraw as Counsel. In his cover letter to Frost, counsel cured the defects of his March 22, 2019 letter, advising, "Upon the filing of my Motion for Leave to Withdraw as Counsel, you have the immediate right to proceed in the appeal pro se (representing yourself) or through privately-retained counsel." See Letter, 12/9/19, at 10 (unpaginated).

In his Turner/Finley brief, counsel provides a procedural history of the case, addresses Frost's issues raised on appeal, and explains why counsel believes those issues lack merit. In particular, counsel thoroughly discusses why Frost's petition is untimely pursuant to 42 Pa.C.S.A § 9545(b). We thus conclude that counsel's request to withdraw meets the technical requirements, and we turn to an independent review of the case. Frost has not filed a response to counsel's no-merit brief and withdrawal request.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Ligon, 206 A.3d 515, 518 (Pa.Super. 2019) (quoting Commonwealth v. Ousely, 21 A.3d 1238, 1242 (Pa.Super. 2011)).

The PCRA's time requirements are a jurisdictional prerequisite. Commonwealth v. Bankhead, 217 A.3d 1245, 1247 (Pa.Super. 2019). A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless at least one statutory exception applies. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

Here, the trial court entered a final sentencing order on June 6, 2000, and Frost did not file a notice of appeal. Therefore, his judgment of sentence

became final on July 6, 2000, 30 days after sentencing. See Pa.R.A.P. 903(a). Frost's petition, filed nearly 18 years later, is thus facially untimely.

A petition filed after the one-year time period may be considered if one of three enumerated exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

Id. at § 9545(b)(1)(i-iii).

Upon review, we conclude that Frost has failed to prove that one of the Section 9545(b)(1) timeliness exceptions applies. Although the Supreme Court held in Muniz that Subchapter H of SORNA is unconstitutional when applied to offenders who, like Frost, committed their offenses prior to the enactment of SORNA, neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that Muniz newly recognized a constitutional right that applies retroactively. Commonwealth v. Greco, 203 A.3d 1120, 1124 (Pa.Super. 2019). Thus, the Muniz decision cannot render a PCRA petition timely. See 42 Pa.C.S.A. § 9545(b)(1)(iii). Moreover, the 2018 amendments to SORNA have rendered Frost's challenge to Subchapter

H moot, because Subchapter I will now apply to Frost. See Johnson v. Martofel, 797 A.2d 943, 946 (Pa.Super. 2002) (stating change in facts may make controversy moot).

Frost also argued that the application of Subchapter I to his case would constitute an illegal sentence, and that his petition is timely based on the enactment of Subchapter I.[11] See 42 Pa.C.S.A. § 9545(b)(1)(ii). However, Frost did not raise a challenge to Subchapter I until he responded to the court's Rule 907 notice.[12] This filing was untimely, and also a nullity, as Frost filed it pro se while represented by counsel. See Commonwealth v. Britt, 83 A.3d 198, 204 (Pa.Super. 2013). Frost therefore waived any argument that Subchapter I renders his sentence illegal, and the enactment of Subchapter I cannot satisfy a timeliness exception in this case. See Commonwealth v. Robinson, 185 A.3d 1055, 1061-63 (Pa.Super.) (en banc) (holding newly discovered facts must bear some connection to underlying claim), appeal denied, 192 A.3d 1105 (Pa. 2018).

---

[11] It is questionable whether any new legislation can provide a basis for an exception to the PCRA time bar. See Commonwealth v. Lacombe, --- A.3d ----, No. 35 MAP 2018, 2020 WL 4150283, at *10-11 (Pa. July 21, 2020) (recognizing that challenges to changes in sex offender registration statutes, which may occur years after the petitioners' judgment of sentence has become final, may not meet the PCRA's timeliness requirements); see also Greco, 203 A.3d at 1125 (stating post-conviction petition seeking declaration of reporting requirements, filed in the Court of Common Pleas against the Commonwealth, is subsumed by the PCRA).

[12] In his Amended Petition, Frost actually requested the PCRA court declare that he would be subject to Subchapter I upon his release from prison.

Accordingly, we conclude that Frost's PCRA petition is untimely, and our independent review does not reveal any colorable issues. Although we do not reach the merits of the claim, we recognize that subsequent to Frost's commencement of this appeal, our Supreme Court established that Subchapter I is not punitive, and so its application does not support ex post facto or double jeopardy claims. See Lacombe, 2020 WL 4150283, at *3 n.5, *18. We therefore affirm the PCRA court's order denying Frost relief and grant counsel's Motion for Leave to Withdraw.

Order affirmed. Motion for Leave to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/10/2020