J-A06014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY LEE HENSEL | : | |
| | : | |
| Appellant | : | No. 606 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011316-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY LEE HENSEL | : | |
| | : | |
| Appellant | : | No. 607 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0011315-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JEREMY LEE HENSEL | : | |
| | : | |
| Appellant | : | No. 608 WDA 2020 |

Appeal from the Judgment of Sentence Entered June 10, 2020
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0003974-2015

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED: APRIL 30, 2021**

Appellant, Jeremy Lee Hensel, appeals from the aggregate judgment of sentence of 5 to 10 years' incarceration, imposed after he pled guilty, in three separate cases, to two counts of terroristic threats, simple assault, and defiant trespass. On appeal, Appellant seeks to challenge his sentence.[1] Additionally, his counsel, Veronica Brestensky, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's convictions are not pertinent to this appeal. The trial court summarized the procedural history of his three cases, as follows:

> Appellant was charged by criminal information at CC 201411315 with terroristic threats (2 counts),[1] simple assault,[2] defiant trespass,[3] and harassment.[4] At CC 201411316, Appellant was charged by criminal information with simple assault,[5] theft by unlawful taking,[6] defiant trespass,[7] disorderly conduct,[8] and harassment.[9] At CC 20153974, Appellant was charged by criminal information with terroristic threats.[10]
>
> [1] 18 Pa.C.S. § 2706(a)(1).
> [2] 18 Pa.C.S. § 2701(a)(1).
> [3] 18 Pa.C.S. § 3503(b)(1)(i).
> [4] 18 Pa.C.S. § 2709(a)(1).
> [5] 18 Pa.C.S. § 2701(a)(1).

---

[1] Appellant properly filed a separate notice of appeal in each of his three cases. ***See Commonwealth v. Walker***, 185 A.3d 969, 977 (Pa. 2018) (holding that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal."). We *sua sponte* consolidated Appellant's three appeals by *per curiam* order entered June 26, 2020.

<sup></sup>6 18 Pa.C.S. § 3921(a).
[6] 18 Pa.C.S. § 3921(a).
[7] 18 Pa.C.S. § 3503(b)(1)(i) and (2).
[8] 18 Pa.C.S. § 5503(a)(2) and (b).
[9] 18 Pa.C.S. § 2709(a)(1).
[10] 18 Pa.C.S. § 2706(a)(1).

On June 10, 2015, Appellant pled guilty at CC 201411315 and 201411316 in front of the Honorable Donna Jo McDaniel and was sentenced to 112 days' time served[,] plus two years' probation at count one of each case.

On August 5, 2015, Appellant pled guilty at CC 20153974 and was sentenced to two years' probation.

On February 13, 2018, a probation violation hearing in front of Judge McDaniel was held wherein Appellant's probation was revoked, and he was sentenced at CC 201411315 to two to four years' incarceration; at CC 20153974, Appellant was sentenced to two to four years' incarceration consecutive to CC 201411315; and at CC 201411316, Appellant was sentenced to one to two years' incarceration at count one consecutive to CC 20153974.

On March 15, 2018, Appellant filed a timely notice of appeal.

On October 30, 2018, the Superior Court vacated Judge McDaniel's February 13, 2018, sentences at all three cases and remanded the cases for the limited issue of determining RRRI [Act][2] eligibility at sentencing.

On November 13, 2018, Appellant filed an Application for Relief and an Application for Reargument *En Banc* with the Superior Court (386 WDA 2018).

On November 20, 2018, the Superior Court denied the Application for Relief.

On December 17, 2018, and while the Application for Reargument was still pending before the Superior Court, Judge McDaniel held a hearing[,] which was titled "Resentencing[,]" in which she informed Appellant she had neglected to inform him at his prior sentencing that he was not RRRI [Act] eligible. However, the [c]ourt never vacated the prior sentences and imposed new

---

[2] Recidivism Risk Reduction Incentive Act ("RRRI Act"), 61 Pa.C.S. §§ 4501 *et seq.*

sentences addressing Appellant's RRRI [Act] eligibility. Additionally, Judge McDaniel never issued Amended Orders of Sentence in the three cases.

On December 27, 2018, Appellant filed notices of appeal [in] the three cases without a final sentencing order, and the appeals were assigned the following new docket numbers: 12 WDA 2019, 13 WDA 2019, and 14 WDA 2019.

Subsequently, on January 9, 2019, the Superior Court issued an Order denying the Application for Reargument on the original case at 386 WDA 2018.

On January 10, 2019, Appellant filed a Petition for Allowance of Appeal before the Supreme Court at the original case at 386 WDA 2018.

The cases were subsequently reassigned to this Court after Judge McDaniel's retirement.

On May 30, 2019, the Supreme Court denied the Petition for Allowance of Appeal at 386 WDA 2018.

With respect to the appeals filed at 12 WDA 2019, 13 WDA 2019, and 14 WDA 2019, the [t]rial [c]ourt filed its Opinion on June 28, 2019.

On July 22, 2019, Appellant's counsel filed a brief pursuant to **Anders** … and … **Santiago**[,] and an Application to Withdraw as Counsel[,] with the Superior Court.

On November 4, 2019, the Superior Court quashed said appeals and denied counsel's request to withdraw[,] indicating that [it] lacked jurisdiction due to Judge McDaniel's failure to issue a judgment of sentence from her December 17, 2018[] resentencing. In footnote three of the Superior Court's Memorandum Opinion, [the Court] directed the [t]rial [c]ourt to enter an amended judgment of sentence as a separate document consistent with Pa.R.A.P. 301. [**See Commonwealth v. Hensel**, No. 12 WDA 2019, unpublished memorandum at 5 n.3 (Pa. Super. filed Nov. 4, 2019).]

On May 28, 2020, Appellant filed[,] in the Court of Common Pleas of Allegheny County[,] a Motion for Amended Order of Sentence Pursuant to [the] November 4, 2019 Judgment of the Superior Court.

On June 10, 2020, the [t]rial [c]ourt entered Amended Orders of Sentence[,] imposing the same sentences as previously imposed on February 13, 2018, and additionally address[ing] Appellant's RRRI [Act] eligibility.

This timely appeal follows.

Trial Court Opinion (TCO), 11/12/20, at 2-6 (spacing corrected, one footnote omitted).

On the same day that Appellant filed his notices of appeal, he also filed a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The trial court filed its Rule 1925(a) opinion on November 12, 2020. Herein, Appellant seeks to raise one issue for our review:

1. Whether the [trial c]ourt … lacked jurisdiction to re-sentence [Appellant] on December 17, 2018[,] when an application for reargument was pending in [the] Superior Court at 386 WDA 2018 and/or the record had not yet been remanded to the Allegheny County Department of Court Records (Criminal Division) at the time of said re-sentencing?

*Anders* Brief at 4.

Attorney Brestensky concludes that Appellant's issue is frivolous, and that he has no other, non-frivolous issues he could pursue herein. Accordingly,

this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied,* … 936 A.2d 40 ([Pa.] 2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of *Anders* and *Santiago*, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Brestensky's *Anders* brief complies with the above-stated requirements. Namely, she includes a summary of the relevant factual and procedural history, she refers to portions of the record that could arguably support Appellant's claims, and she sets forth her conclusion that Appellant's appeal is frivolous. She also explains her reasons for reaching that determination, and supports her rationale with citations to the record and pertinent legal authority. Attorney Brestensky also states in her petition to

withdraw that she has supplied Appellant with a copy of her *Anders* brief. Additionally, she attaches to her petition to withdraw a letter directed to Appellant, in which she informs Appellant of the rights enumerated in *Nischan*. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues he could pursue on appeal.

According to Attorney Brestensky, Appellant seeks to argue that Judge McDaniel lacked jurisdiction to re-sentence him on December 17, 2018, as his appeal before this Court was still pending. In concluding that this claim is frivolous, Attorney Brestensky reasons that Judge McDaniel had jurisdiction to correct the error in Appellant's sentence, because "the failure to make a[n] RRRI determination is a patent error[,] which can be corrected by a [trial] court…[,] despite [the] pendency of an appeal…." *Anders* Brief at 9. Accordingly, Attorney Brestensky concludes that Judge McDaniel's "determination that Appellant is not eligible [under the] RRRI [Act was] not erroneous." *Id.*

While we agree with Attorney Brestensky that Appellant's challenge to the court's 're-sentencing' him on December 17, 2018 is frivolous, we do so for a different reason than the one offered by counsel. Rather, we concur with the trial court that Appellant's issue is moot. The court explains:

> It should be noted that Appellant has raised in the present appeal the exact same issue raised in the previously quashed appeal. In

- 7 -

the [t]rial [c]ourt's previous opinion which addressed the same issue, the [t]rial [c]ourt indicated that because Judge McDaniel failed to vacate [Appellant's] prior judgments of sentence, never imposed new sentences addressing the RRRI [Act] eligibility, and failed to issue Amended Orders of Sentence, that it awaited guidance from the Superior Court. (Trial Court Opinion, 6/28/19[,] at 4). … The Superior Court subsequently quashed the appeals for lack of jurisdiction[,] but directed this [c]ourt to enter Amended Judgments of Sentence consistent with Pa.R.A.P. 301. The [t]rial [c]ourt has since issued the directed Amended Judgments of Sentence which addressed Appellant's RRRI [Act] eligibility.

Here, Appellant has filed appeals [from] the [t]rial [c]ourt's June 10, 2020[] Amended Judgments of Sentence[,] but failed to take issue with this [t]rial [c]ourt's imposition of sentence, or any action of this [c]ourt. Appellant raises only one issue related to what Judge McDaniel did at a re[-]sentencing in which that appeal has been quashed and the matter remedied with this [t]rial [c]ourt's Amended Judgments of Sentence. Therefore, Appellant's claim is moot. ***See Johnson v. Martofel***, 797 A.2d 943, 946 (Pa. Super. 2002) (holding that an issue before a court is deemed moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect).

TCO at 6-7.

We discern no error in the court's reasoning. Appellant is currently appealing from the judgments of sentence imposed on June 10, 2020, yet the issue he seeks to raise challenges Judge McDaniel's 're-sentencing' him on December 17, 2018. Thus, we cannot grant him relief, as he is not alleging any error(s) stemming from the orders from which he appeals. Moreover, even if Judge McDaniel did err by 're-sentencing' Appellant while his appeal was pending, Appellant's re-sentencing on June 10, 2020, nullified that error and mooted Appellant's current challenge to Judge McDaniel's action. Therefore, we agree with Attorney Brestensky and the trial court that

- 8 -

Appellant's issue is frivolous. Furthermore, our independent review of the record reveals no other, non-frivolous claims that he could raise herein. Thus, we grant counsel leave to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/30/2021