J-S07016-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: W. B. III, A MINOR | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.A. AND E.A., | : : : : : : : | |
| | : | No. 1577 MDA 2024 |

Appeal from the Order Entered September 19, 2024
In the Court of Common Pleas of Lackawanna County Juvenile Division at
No(s): CP-35-DP-0000069-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: K.B., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.A. AND E.A. | : : : : : : | |
| | : | No. 1578 MDA 2024 |

Appeal from the Order Entered September 19, 2024
In the Court of Common Pleas of Lackawanna County Juvenile Division at
No(s): CP-35-DP-0000070-2019

| | | |
|---|---|---|
| IN THE INTEREST OF: L.B., A MINOR | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: J.A. AND E.A. | : : : : : : | |
| | : | No. 1579 MDA 2024 |

Appeal from the Order Entered September 24, 2024
In the Court of Common Pleas of Lackawanna County Juvenile Division at
No(s): CP-35-DP-0000019-2021

BEFORE:  NICHOLS, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 05, 2025**

In this dependency proceeding, J.A. and E.A. ("Grandparents") appeal *pro se* from orders denying their motion to intervene and their motion to recuse. We affirm in part and dismiss in part.

In November 2022, Lackawanna County Office of Youth and Family Services ("OYFS") removed W.B., III, K.B., and L.B. (collectively, "Children") from the care of their natural parents. Children were placed in foster care. The removal occurred after police received a phone call from what sounded like a child crying and grunting in the home. Children were adjudicated dependent in January 2023 and have remained in care since that time.

Grandparents filed an emergency motion in August 2024 seeking to intervene for custody of Children. Grandparents also submitted a motion to recuse the trial judge.[1] The court denied the motions. **See** Orders, filed 9/5/24.[2] This appeal followed.

Grandparents raise 14 issues in the "Questions Involved" section of their appellate brief. However, Grandparents' Pa.R.A.P. 1925(b) statement only challenges the orders denying the motion to intervene and the motion to recuse. Indeed, their notice of appeal indicates that they are only appealing

---

[1] The motion to recuse does not appear on the docket so it is unclear if it was properly filed.

[2] Pa.R.Civ.P. 236 notice was not entered on the docket until September 19, 2024. The October 15, 2024 appeals were therefore timely.

- 2 -

from those orders. Thus, save for those two issues, all other issues are waived. *See* Pa.R.A.P. 1925(b)(4)(vii).

We first address Grandparents' motion to intervene. Whether a person has standing to participate in dependency proceedings is a question of law. *In re S.H.J.*, 78 A.3d 1158, 1160 (Pa.Super. 2013). We therefore "apply a plenary scope of review, and our standard of review is *de novo*." *Id.*

Intervention is properly allowed only if the movant has standing. *See In re J.S.*, 980 A.2d 117, 122 (Pa.Super. 2009). Standing in dependency proceedings is limited to three classes of persons: "(1) the parents of the juvenile whose dependency is at issue; (2) the legal custodian of the juvenile whose dependency is at issue; or[;] (3) the person whose care and control of the juvenile is in question." *In re S.H.J.*, 78 A.3d at 1160 (quoting *In re L.C., II*, 900 A.2d 378, 381 (Pa.Super. 2006)) (alteration in original).

In *In re L.C. II*, a grandmother appealed from an order finding she lacked standing to participate in the proceeding at which her grandson was adjudicated dependent. 900 A.2d at 379. The child had lived with his grandmother for 14 years until the court granted legal and physical custody of him to his mother. *Id.* The Indiana County Children and Youth Services ("ICCYS") later filed a dependency petition and placed child into the legal care, custody, and control of ICCYS. *Id.* at 380. The grandmother sought permission to participate in the child's hearing to adjudicate dependency, and the trial court denied her request. *Id.* The grandmother appealed, and this Court affirmed. We concluded that the grandmother did not have standing to

participate in the hearing. *Id.* at 382. We noted that at time of the adjudicatory hearing, the child was in the legal and physical custody of his mother – not his grandmother – and "[i]f the trial court had determined that he w[as] not a dependent child, he would have been returned to the custody of [his m]other." *Id.* (emphasis removed). We thus found that the grandmother did not satisfy any of the criteria to qualify as a party to a dependency hearing because "she was not the parent or the legal custodian of the juvenile whose dependency was at issue[] and her care and control of the juvenile were not in question." *Id.*

Here, like in *In re L.C. II*, Grandparents do not fall within any of the foregoing definitions of a "party." They are not Children's parents or legal custodians. Grandparents are also not the people whose care and control is at issue. Prior to the declaration of dependency, Children were in the custody of their natural parents. They were subsequently placed in the custody of OFYS. Grandparents did not have custody of Children at the time Children were placed in foster care. This Court has held consistently that individuals in Grandparents' position do not have standing to intervene in dependency proceedings. *See e.g., id.*; *In re D.S.*, 979 A.2d 901, 905 (Pa.Super. 2009) (holding that grandmother lacked standing in dependency action because she did not fall into any of the categories which would grant her status as a "party"; children were removed from mother's care, grandmother did not have legal custody of children, and grandmother's care and control of children were not at issue); *In re S.H.J.*, 78 A.3d at 1161 (affirming order that denied

maternal aunt's petition to intervene in dependency proceeding because she lacked standing as she did not belong to one of the three enumerated categories with standing in dependency); *In re J.S.*, 980 A.2d at 122-23 (finding that intervention was improperly granted to foster parents in dependency action because they did not meet the definition of a "party" and therefore lacked standing). The trial court therefore did not err in denying Grandparents' motion to intervene as they lacked standing to participate in Children's dependency proceedings.

Grandparents next contend that the court erred in denying their motion to recuse the trial judge. After the filing of the instant appeal, the trial judge *sua sponte* recused herself from further proceedings in this case. *See* Order, filed 1/7/25. Grandparents' second issue is therefore moot. *See In Re D.A.*, 801 A.2d 614, 616 (Pa.Super. 2002) (*en banc*) ("An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law") (citation omitted); *Johnson v. Martofel*, 797 A.2d 943, 946 (Pa.Super. 2002) ("An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect"). Accordingly, we dismiss Grandparents' appeal of the order denying recusal.

Order denying motion to intervene affirmed. Appeal of order denying motion to recuse dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/05/2025